■    VIRGINIA FREY, Respondent-Appellant, v. FIRST NATIONAL BANK OF FLEISCHMANNS et al., Appellants-Respondents.— The defendant bank through its attorneys, the defendants Weiss and Kleinfeld, instituted involuntary bankruptcy proceedings against the plaintiff. In the bank's amended petition it was alleged that the plaintiff committed acts of bankruptcy on December 4, 1960, in transferring money and property, while insolvent, to creditors in an attempt to prefer them over other creditors of the same class and, while insolvent, in permitting a creditor to obtain a lien upon her property. The bankruptcy proceeding was dismissed by an order and judgment of the United States District Court for the Northern District of New York. Thereafter the plaintiff brought an action for malicious prosecution and the defendants sought an examination before trial and specified nine items for production. The plaintiff moved for a protective order pursuant to CPLR (3103, subd. [a]) which provided: "Prevention of abuse. The court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." The items specified for production and disclosure and the court's dispositions were these:

"1. All Cancelled Checks, bank statements, bankbooks and bank records in the name of Plaintiff individually and/or in connection with others during the period from January 1, 1959 through August 24, 1962.— Denied

"2. All State and Federal Tax Returns filed by the Plaintiff, individually, jointly or in any other manner for the years 1959, 1960, 1961 and 1962.— Directed

"3. All papers, documents, memoranda, correspondence and other writings in connection with the mortgage transaction between Plaintiff and Gleason B. Speenburgh concerning a certain mortgage dated November 17, 1960 and recorded in the Delaware County Clerk's Office on December 8, 1960 in Liber 228 of Mortgages at page 525 and a certain mortgage dated January 16, 1961

and recorded in the Delaware County Clerk's Office on January 20, 1961 in Liber 228 of Mortgages at page 953.— Directed

" 4. All books, records, documents, memoranda and correspondence pertaining to the Plaintiff's alleged ownership of a farm.— Directed

" 5. All books, records, documents, memoranda and correspondence pertaining to the alleged mechanic's lien of Wadler Bros., Inc. and the alleged action to foreclose said mechanic's lien against Plaintiff and Norman Frey.— Directed

" 6. All books, records, documents, memoranda, correspondence pertaining to the alleged defense of the Plaintiff against the charge of bankruptcy, preparation for trial, procuring witnesses and employing counsel as alleged in Paragraph 21 of the Complaint.— Denied

" 7. All books, records, documents, memoranda and correspondence pertaining to the injuries alleged to have been sustained by the Plaintiff in Paragraph 22 of the Complaint.— Denied

" 8. All books, records, documents, memoranda, correspondence, cancelled checks and other evidence of payment pertaining to the alleged expenses and sums of money expended for medical care and attention by Plaintiff." (" the plaintiff shall furnish defendant with a statement of all medical expenses claimed to have been incurred by her as a result of the incident ").— Conditionally Denied

" 9. All books, records, documents, memoranda and writings in connection with the relevant and material allegations of fact put in issue by the pleadings in this action."— Denied.

As to items 1 and 2 the plaintiff specified only the objection that " [t]hese records could only be material to an issue of plaintiff's solvency, a matter not in issue here since it is *res judicata,* having been decided in a prior proceeding in Bankruptcy Court, as set forth in Schedule B, annexed to the complaint herein." The plaintiff's solvency is not *res judicata* as to the defendants Weiss and Kleinfeld, the bank's attorneys, who were not parties to the bankruptcy proceeding. Moreover it is not *res judicata* even as to the defendant bank on the issue of malice or lack of probable cause. It appears to us, however, that Special Term's liberality in allowing item 2 is inconsistent with the narrower view reflected by the denial of item 1 and that, if the defendants are entitled to production of the tax returns mentioned in item 2, there should also be available the material specified in item 1. In Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3103.01) the authors stated that the section " is designed to give the court broad discretion and powers to prevent the occasional abuse which may arise in a system of liberal disclosure." But, as the alleged acts of bankruptcy occurred on December 4, 1960, we think production of records and tax returns for 1961 and 1962 should not have been required and that production of the material specified in item 1 for the year 1960 only and production of tax returns for the year 1960 only are sufficient and that the order as to items 1 and 2 should be modified accordingly. Moreover, the plaintiff's tax return for the year 1960 should be produced only if it is an individual return; the instant circumstances do not warrant intruding the privacy of the tax returns of a person not a party to this action.

Items 3, 4 and 5 were properly directed.

Item 6 was properly denied. CPLR 3101 provides:

" (b) Privileged matter. Upon objection by a party privileged matter shall not be obtainable.

" (c) Attorney's work product. The work product of an attorney shall not be obtainable.

" (d) Material prepared for litigaion. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:

" 1. any opinion of an expert prepared for litigation; and

" 2. any writing or anything created by or for a party or his agent in preparation for litigation."

While the material sought was prepared not in this action but in the bankruptcy proceeding it is equally if not more confidential in this action than in the prior proceeding as here not only solvency but also malice and probable cause are issues.

Item 7 was properly denied as to the plaintiff's physical and mental condition since under CPLR 3121 the defendants may obtain a physical and mental examination of the plaintiff. However, " Paragraph 22 of the Complaint" alleges, in addition to mental and resulting physical injury requiring medical attention that the " plaintiff has been greatly injured in her good standing, reputation and credit" and as to allegations not relating to the plaintiff's mental and physical condition we think production should be required if there is any material available to be produced.

As to item 8 we have heretofore affirmed the discretion of Special Term in requiring production of material not evidence in chief (*Sacks* v. *Greyhound Corp.*, 18 A D 2d 747) but, in view of the conditional production required, we see no reason to substitute our discretion for that of Special Term.

Item 9 was properly disallowed; the allowance of this item would render ineffective all rulings made on the eight prior items.

Order modified, as heretofore stated, and, as so modified, affirmed, without costs. Settle order. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.