## FASSIHI v ST MARY HOSPITAL OF LIVONIA

Docket No. 57519. Submitted July 12, 1982, at Detroit.—Decided November 2, 1982.

Mahmood Fassihi, M.D., filed a complaint against St. Mary Hospital of Livonia and others in Wayne Circuit Court claiming that he was wrongfully discharged as an employee of the hospital and claiming damages as a result of the discharge. Plaintiff sought permission to use a deposition of one of the defendants in this case, a deposition she had given in a separate action brought by plaintiff against the man who had fired him and in which the deponent was a witness. This particular defendant, the deponent, at the time of this suit was seriously ill and unable to be deposed. The court, Mryon H. Wahls, J., entered an order allowing plaintiff to use the deposition from the prior action. In a separate order, the trial court denied discovery of plaintiff's income tax returns. Defendants appeal the two orders by leave granted. *Held:*

1. The trial court did not abuse its discretion in allowing the deposition to be used. The deposition may be admitted against the deponent as long as she is a party to this action. Furthermore, the deposition may be used against the hospital since an agency relationship existed between the deponent and the hospital at the time the deposition was given. It is up to the trial court to determine whether a sufficient agency relationship existed between the deponent and the remaining defendants to allow the deposition to be used as substantive evidence against them.

2. The trial court, if it determines that defendants have

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 112 *et seq.*

[2] 23 Am Jur 2d, Depositions and Discovery § 119.

[3, 4] 29 Am Jur 2d, Evidence § 597.

[5] 23 Am Jur 2d, Depositions and Discovery § 202.

Validity, construction and effect of state laws requiring public officials to protect confidentiality of income tax returns or information. 1 ALR4th 959.

Discovery and inspection of income tax returns in actions between private individuals. 70 ALR2d 240.

[6] 23 Am Jur 2d, Depositions and Discovery § 155.

shown good cause and have reasonably designated the income tax returns sought, should order plaintiff to submit his income tax returns to the court so that the court, *in camera,* can redact any information which is confidential to plaintiff's spouse from the tax returns.

Affirmed in part, reversed in part and remanded.

1. EVIDENCE — DEPOSITIONS — COURT RULES.

The General Court Rules allow the use of a deposition at trial under certain conditions and the burden is upon the party seeking its admission to prove its admissibility (GCR 1963, 302.4).

2. EVIDENCE — DEPOSITIONS.

The decision whether or not to admit a deposition into evidence is a matter for the trial court's discretion.

3. EVIDENCE — ADMISSIONS.

"Admissions" have been defined as statements made by or on behalf of a party to the suit in which they are offered which contradict some position assumed by that party in that suit.

4. EVIDENCE — ADMISSIONS — AGENCY.

The fact that an admission is admissible against one party does not necessarily mean that it is admissible against all others as substantive evidence; however, such statements are allowed as admissions against the other parties in the suit if an agency relationship existed among them when the statement was made (MRE 801[d][2][D]).

5. EVIDENCE — INCOME TAX RETURNS — DISCOVERY — CONFIDENTIALITY.

Generally, a party's income tax returns are subject to discovery; however, the portion of a joint return which refers to the spouse of the party in the action who is not a party herself may be confidential under certain circumstances; in such a circumstance the court, after determining that the party seeking discovery has shown good cause and has reasonably designated the records sought, should order the party whose tax returns are sought to give the income tax returns to the court and allow it, *in camera,* to redact the spouse's information from the returns.

6. EVIDENCE — DISCOVERY.

The modern tendency is to broaden the scope of discovery when necessary to facilitate preparation, guard against surprise and expedite justice.

*Bushnell, Gage, Doctoroff & Reizen (by Noel A. Gage and Barbara A. Roulo),* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C. (by Gregory G. Drutchas and Stephen M. Kelley),* for defendant.

Before: T. M. BURNS, P.J., and BEASLEY and C. W. SIMON,* JJ.

T. M. BURNS, P.J. Defendants appeal two orders entered by the lower court by leave granted.

Plaintiff sued defendants in November, 1977, seeking damages for wrongful termination of hospital staff privileges. In a separate action, plaintiff sued a Dr. Lopez, the man who had fired him. Before that case was settled, plaintiff deposed defendant Sister Mary Calasantia who was then the hospital's executive director and a member of the board of trustees. Although a defendant in this suit, Sister Mary Calasantia was not a party to the suit in which she had been deposed.

On November 6, 1978, plaintiff noticed his intention to depose Sister Mary Calasantia. However, she was (and still is) seriously ill and unable to be deposed. On December 14, 1979, the trial court entered an order allowing plaintiff to use her deposition from the prior action. This is the first order that defendants are appealing.

Depositions may be admissible as long as admitted under the rules of evidence. *Kueppers v Chrysler Corp,* 108 Mich App 192, 205; 310 NW2d 327, 332 (1981), GCR 1963, 302.4. The party seeking admission bears the burden under this court rule. *Valley National Bank of Arizona v Kline,* 108 Mich App 133, 141; 310 NW2d 301, 305 (1981). Allowing in such evidence is within the trial

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

judge's discretion. *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979).

We rule that the trial judge did not abuse his discretion—the deposition may be used as an admission. MRE 801(d)(2). Admissions have been defined as "statements made by or on behalf of a party to the suit in which they are offered which contradict some position assumed by that party in that suit". *Elliotte v Lavier,* 299 Mich 353, 357; 300 NW 116 (1941). Sister Mary Calasantia is a party in the suit and the deposition is being offered to contradict her position. Therefore, the deposition may be properly admitted as evidence against her for so long as she remains in the suit. However, merely because an admission is admissible against one party does not necessarily mean that it is admissible against all others as substantive evidence. *Smith v Woronoff,* 75 Mich App 24; 254 NW2d 637 (1977), *lv den sub nom Smith v Love,* 402 Mich 902 (1978); *Ghezzi v Holly,* 22 Mich App 157; 177 NW2d 247 (1970). Yet, such statements are allowed as admissions against the other parties in the suit if an agency relationship existed among them when the statement was made. MRE 801(d)(2)(D). We note that Sister Mary Calasantia was the hospital's president at the time the deposition was taken. As such, her deposition is also admissible against the defendant hospital. We leave up to the trial judge whether or not the sufficient agency relationship existed among Sister Mary Calasantia and the other 23 defendants. If so, the deposition is admissible against all defendants as substantive evidence in this case. Otherwise, it is admissible against only defendant Sister Mary Calasantia and defendant hospital.

Defendants also appeal the trial judge's order denying discovery of plaintiff's income tax returns.

Generally, a party's income tax returns are subject to discovery. *McLaren v Zeilinger,* 103 Mich App 22; 302 NW2d 583 (1981). But this case is more complicated because plaintiff has been filing joint income tax returns with his wife. He is now arguing that the returns should not be subject to discovery because his wife has never been a party to this action. The dilemma is rather obvious. On the one hand, we have a strong historical commitment to far-reaching and open discovery. *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974). In fact, "[t]he modern tendency is to broaden the scope of discovery when necessary to facilitate preparation, guard against surprise and expedite justice". *State ex rel Von Hoffman Press, Inc v Saitz,* 607 SW2d 219, 222 (Mo App, 1980). On the other hand, plaintiff's wife's income tax returns are confidential under certain circumstances. See 26 USC 6103. She has not waived this confidentiality by entering the suit. One reason behind this confidentiality is "to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes". *Webb v Standard Oil Co of California,* 49 Cal 2d 509, 513; 319 P2d 621, 624 (1957). We note that courts across this country have differed on this particular issue. On the one hand, *State ex rel Boswell v Curtis,* 334 SW2d 757 (Mo App, 1960), declared that the income tax returns are in fact subject to discovery. On the other hand, *Coate v Superior Court of Marin County,* 81 Cal App 3d 113; 144 Cal Rptr 350 (1978), and *Frey v First National Bank of Fleischmanns,* 21 App Div 2d 709; 249 NYS2d 348 (1964), have held that tax returns are not subject to discovery.

Rather than choosing between these two extremes, we adopt the approach taken by *Lepis v Lepis,* 83 NJ 139; 416 A2d 45 (1980). Adopting the procedure outlined in *Degraaff v Degraaff,* 163 NJ Super 578; 395 A2d 525 (1978), the New Jersey Supreme Court ordered the party to give the trial court the income tax returns and allow the court, *in camera,* to redact the spouse's information from the returns: "Such a protective procedure will preserve defendant's present wife's legitimate expectation of privacy in the return and furnish plaintiff with the information necessary to pursue her child's right to support." 163 NJ Super 583. See also *Mitsui & Co, Inc v Puerto Rico Water Resources Authority,* 79 FRD 72 (D PR, 1978).

Because of a few difficulties in this case, we believe it best that defendants once again request the income tax forms. The trial judge must follow the *in camera* procedure outlined above if he determines that defendants have shown good cause and have reasonably designated the records sought.

We need not now determine whether or not the income tax returns themselves are actually admissible in the trial itself.

Plaintiff also argues that this case in not properly before this Court because defendant failed to follow the correct procedures in appealing the orders. We reject this argument noting that this is an appeal by leave. We granted appeal specifically to discuss the issues involved. See generally GCR 1963, 806.

Affirmed in part, reversed in part and remanded with instructions to proceed consistent with this opinion. We do not retain jurisdiction.