OZDAGLAR v OZDAGLAR

Docket No. 57783. Submitted December 20, 1982, at Detroit.—Decided
June 21, 1983.

Plaintiff, Joann E. Ozdaglar, obtained a divorce from defendant,
Mehmet N. Ozdaglar, Monroe Circuit Court, Ross W. Campbell,
J. Plaintiff appeals, alleging that the trial court erred in its
division of the marital property, the denial of alimony and
attorney fees, and the termination of defendant's arrearages in
temporary alimony and child support payments. *Held:*

1. The division of property was fair and does not evidence an
abuse of the trial court's discretion.

2. The trial court did not abuse its discretion in failing to
award alimony to plaintiff as the property award is sufficient to
meet her needs until such time as she supplements the award
with earnings from employment.

3. The trial court erred in denying an award of attorney fees
to plaintiff. Attorney fees may be awarded where they are
necessary in order to enable a party to carry on or defend the
litigation.

4. The record supports the trial court's decision to cancel
defendant's arrearages in temporary alimony and child support.

Affirmed in part, reversed in part and remanded for determination of a reasonable attorney fee.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Review § 135.
  5 Am Jur 2d, Appeal and Review § 868.
[1, 2] 24 Am Jur 2d, Divorce and Separation § 883 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 925.
[4] 24 Am Jur 2d, Divorce and Separation § 630.
  Adequacy of excessiveness of amount of money granted as combined
    award of alimony and child support. 2 ALR3d 537.
  Excessiveness of amount of money awarded as permanent alimony
    where divorce is or has been granted. 1 ALR3d 6.
[5] 24 Am Jur 2d, Divorce and Separation §§ 571, 573.
[6] 24 Am Jur 2d, Divorce and Separation § 853.
  Retrospective modification of, or refusal to enforce, decree for
    alimony, separate maintenance, or support. 6 ALR2d 1277.

1. DIVORCE — DIVISION OF MARITAL PROPERTY — APPEAL.

   The division of marital property in a divorce action is within the
   trial court's discretion and, although review of a divorce case is
   *de novo,* the Court of Appeals will not reverse the trial court's
   division of property unless it is convinced that it would have
   reached a different result had it been sitting in the lower
   court's position.

2. DIVORCE — DIVISION OF MARITAL PROPERTY.

   No mathematical formulas govern the division of property in a
   divorce action and the division need not be equal; the primary
   question is what is fair.

3. DIVORCE — DIVISION OF MARITAL PROPERTY.

   A trial court, in determining the distribution of marital property,
   must consider the source of the property, the length of the
   marriage, the needs of the parties, the parties' earning abilities
   and the cause of the divorce and is required to make findings of
   fact regarding the property division with sufficient specificity to
   disclose to a reviewing court the controlling choices made
   between competing factual assertions (GCR 1963, 517.1).

4. DIVORCE — ALIMONY.

   An award of alimony is within the discretion of the trial court;
   factors the court must consider include: (1) the duration of the
   marriage, (2) contributions of the parties to the joint estate, (3)
   age, (4) health, (5) station in life, (6) necessities and circum-
   stances, and (7) the earning abilities of the parties (MCL 552.23;
   MSA 25.103).

5. DIVORCE — ATTORNEY FEES.

   The award of attorney fees in a divorce case is within the
   discretion of the trial court; however, attorney fees are to be
   awarded only if necessary to enable a party to carry on or
   defend the litigation.

6. DIVORCE — ALIMONY — CHILD SUPPORT — ARREARAGES.

   A trial court may retroactively cancel arrearages in alimony and
   child support.

*Hyman, Gurwin, Nachman, Friedman & Winkle-
man* (by *Hanley M. Gurwin* and *Denise R. Alexan-
der),* for plaintiff.

*Thomas H. Green,* for defendant.

Before: V. J. Brennan, P.J., and M. J. Kelly and J. Graves, Jr.,* JJ.

V. J. Brennan, P.J. Plaintiff, Joann E. Ozdaglar, appeals as of right from the trial court's decisions regarding the division of marital assets, alimony, attorney fees and the termination of arrearages in temporary child support and alimony. Following a five-day bench trial, the trial court granted the parties' divorce and awarded custody of the parties' 17-year-old son to plaintiff. The parties' daughter was not a minor.

Plaintiff's first claim is that the trial court failed to make a fair and equitable division of the assets.

The division of marital property is a matter within the trial court's discretion. Divorce cases are reviewed *de novo*. However, this Court will not reverse the trial court's division of property unless it is convinced that it would have reached a different result had it been sitting in the lower court's position. *McLain v McLain,* 108 Mich App 166, 168-169; 310 NW2d 316 (1981). No mathematical formulas govern the division of property in a divorce action and the division need not be equal. *Christofferson v Christofferson,* 363 Mich 421, 426; 109 NW2d 848 (1961). The primary question is what is fair. *McLain, supra,* p 169.

In determining the distribution of property, the trial court considers the source of the property, the length of the marriage, the needs of the parties, their earning abilities and the cause of the divorce. The court is required to make findings of fact regarding the property division. GCR 1963, 517.1 requires specificity sufficient to disclose to the reviewing court the controlling choices made as between competing factual assertions. *Holbern*

* Circuit judge, sitting on the Court of Appeals by assignment.

*v Holbern,* 91 Mich App 566, 569; 283 NW2d 800 (1979).

In the instant case, the trial court's opinion is not devoid of any findings of fact. After reviewing the division of property, we find no abuse of the trial court's discretion. The parties were awarded their own personal property and furniture contained in their present residences. It appears that the value of the personal property that each received was substantially equal. Further, each received an approximately equal share of the bank accounts. The marital home was ordered to be sold and the proceeds equally distributed. The parties had a substantial amount of equity in the home. The defendant husband was awarded the remainder of the marital estate, which included his pension plan, accounts receivable, and three parcels of real estate. However, the defendant was also ordered to pay the outstanding debts of the parties, which equalled the value of the remaining assets that had been awarded to him. After reviewing the record, we find that the trial court arrived at a fair division of property.

Next, plaintiff contends that the trial court erred by not awarding alimony in her favor.

It is well established that an award of alimony is a matter within the discretion of a trial court. The court's power to award alimony is statutory, MCL 552.23; MSA 25.103. A number of factors are to be considered by the court in determining whether alimony should be awarded: (1) duration of the marriage; (2) contributions of the parties to the joint estate (sources of property); (3) age; (4) health; (5) station in life; (6) necessities and circumstances; and (7) earning ability of the parties. *York v York,* 113 Mich App 306, 309; 317 NW2d 604 (1982).

Here, the trial court stated that alimony was

not awarded to the plaintiff because the defendant was ordered to assume the joint debts of the parties and plaintiff was awarded approximately 62% of the net worth of the parties. We find no abuse of the trial court's discretion. The property awarded to plaintiff is sufficient to meet her needs until such time that she supplements the award with earnings from employment. Plaintiff is a registered nurse and could obtain employment after she updates her skills. Plaintiff worked for a period of time in 1976 when the parties were separated but discontinued working when she and the defendant reconciled. We find that the property award sufficiently enables plaintiff to provide for herself while she is updating her skills.

Plaintiff further claims that the trial court erred by not awarding attorney fees in plaintiff's favor.

The award of attorney fees rests within the discretion of the trial court. *Schilleman v Schilleman,* 61 Mich App 446, 450; 232 NW2d 737 (1975), *lv den* 395 Mich 769 (1975). However, attorney fees are awarded only if necessary to enable a party to carry on or defend the litigation. *Chisnell v Chisnell,* 99 Mich App 311, 316; 297 NW2d 909 (1980).

In this case, plaintiff was unemployed and had no assets during the pendency of the divorce proceedings. Plaintiff is still unemployed and her only assets are those awarded to her pursuant to the divorce judgment, which we have found are needed by the plaintiff to support herself until she is able to update her nursing skills. The trial court determined that neither party should be awarded attorney fees and the attorneys were granted liens upon their clients' respective shares from the sale of the marital home.

We find that the trial court erred in failing to award attorney fees to plaintiff. Plaintiff did not

have the funds to enable her to carry on the litigation. Further, in this case, plaintiff should not have to pay attorney fees from her share of the marital estate because plaintiff must use that property to support herself. Thus, we reverse that portion of the lower court's judgment relating to attorney fees. However, since plaintiff did not present any evidence as to the amount of attorney fees, we find it necessary to remand this matter to the trial court for a determination of a reasonable fee. We do not retain jurisdiction.

Finally, plaintiff claims that the trial court erred by terminating the temporary alimony and support arrearages owed by the defendant to the plaintiff.

After reviewing the record, we find that the trial court's decision should not be disturbed. The trial court is authorized to cancel arrearages retroactively. *York v York, supra,* pp 308-309. In this case, the trial court found that the defendant had adequately provided for plaintiff and the parties' minor son despite the alimony and child support arrearages. The record supports the trial court's determination.

Affirmed in part; reversed in part. We do not retain jurisdiction.