RAPAPORT v RAPAPORT

Docket Nos. 86817, 88649, 89204, 89221. Submitted January 12, 1987, at Detroit. Decided March 6, 1987. Leave to appeal applied for.

Plaintiff, Phyllis Rapaport, and defendant, Raymond N. Rapaport, were divorced in 1973 pursuant to an Oakland Circuit Court judgment. The judgment provided for the division of marital assets between the parties and $400 per week in alimony to plaintiff. Plaintiff appealed to the Court of Appeals, which remanded to the circuit court for the entry of an amended judgment. The circuit court provided plaintiff with a larger share of the marital assets, but did not increase the alimony award. In 1977, defendant moved to terminate plaintiff's alimony, in response to which plaintiff filed a motion for an increase in alimony from $400 to $600 per week. The circuit court denied both motions as well as plaintiff's request for attorney fees and expert witness fees. Plaintiff appealed and the Court of Appeals affirmed. In 1983, plaintiff again moved for an increase in alimony but this time sought that it be increased to $800 per week. Defendant responded with a motion for accelerated judgment, arguing that the circuit court lacked personal jurisdiction since he had moved outside of the United States and was now residing on a boat moored outside of United States territorial waters. The circuit court, Robert C. Anderson, J., denied defendant's motion, granted plaintiff's motion, but only increased alimony by $100 per week. In separate appeals, plaintiff claimed error in the circuit court's

REFERENCES

Am Jur 2d, Appeal and Error § 137.

Am Jur 2d, Depositions and Discovery §§ 21, 261.

Am Jur 2d, Divorce and Separation §§ 589, 699, 712, 730.

Discovery and inspection of income tax returns in actions between private individuals. 70 ALR2d 240.

Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

Right of former wife to counsel fees upon application after absolute divorce to increase or decrease alimony. 15 ALR2d 1252.

See also the annotations in the Index to Annotations under Alimony; Appeal and Error.

modification of the alimony award and its refusal of her discovery request for copies of defendant's income tax returns. Defendant cross-appealed, claiming error in the circuit court's ruling on the question of personal jurisdiction.

The Court of Appeals *held:*

1. The circuit court has continuing jurisdiction to amend the divorce judgment with respect to alimony upon reasonable notice other than personal service. Since it is not contested that the circuit court had personal jurisdiction over defendant at the time the judgment of divorce was entered, the court had personal jurisdiction when it modified the alimony provision.

2. The trial judge abused his discretion in refusing to order defendant to produce his income tax returns. Defendant has made no claim of confidentiality and had previously supplied copies of income tax returns for earlier years, and, under Michigan's policy of encouraging "far-reaching, open and effective discovery practice," income tax returns are generally subject to discovery.

3. In view of the absence of defendant's income tax returns from the record below, the Court of Appeals could not conclude whether the trial judge had all the information necessary to resolve the issue of alimony. The Court of Appeals therefore remanded the case to the circuit court with instructions for the circuit court to compel the production of the income tax returns sought by plaintiff and to reconsider the issue of alimony in light of any new facts that may be revealed. However, the increase in alimony of $100 is supported by sufficient facts in the record thus far and the Court of Appeals left the award unchanged pending the new hearing on remand.

4. On remand, the circuit court shall also reconsider plaintiff's request for attorney fees and shall award a reasonable amount for attorney fees expended by plaintiff in the Court of Appeals in pursuing collection efforts from a garnishee defendant for defendant's alimony arrearage.

Remanded for further proceedings.

1. DIVORCE — JURISDICTION — CONTINUING JURISDICTION — ALIMONY.

A court granting a judgment of divorce has continuing jurisdiction to revise, alter or amend the judgment with respect to an award of alimony; thus, against a party over whom the court had personal jurisdiction in the original proceeding in which the award of alimony was made, the court's power to modify the award may be exercised upon reasonable notice other than personal service within the court's jurisdiction, even though the person notified is a nonresident at that time.

2. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENT.

An award of alimony in a judgment of divorce may be modified only where new facts or changed circumstances arising since the granting of the divorce judgment justify the modification.

3. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENTS — BURDEN OF PROOF.

The party seeking the modification of an award of alimony in a judgment of divorce has the burden of showing changed circumstances which justify modification of the judgment.

4. DIVORCE — ALIMONY — MODIFICATION OF JUDGMENTS — APPEAL.

The Court of Appeals reviews a modification of alimony de novo, exercising its independent judgment in reviewing the evidence.

5. DIVORCE — EVIDENCE — INCOME TAX RETURNS — COURT RULES.

A party's income tax returns are generally subject to discovery; a trial court abuses its discretion in denying a party's motion to compel the production of the nonmoving party's income tax returns where the nonmoving party had made no claim of confidentiality and has supplied returns for previous years (MCR 302[B][1]).

6. DIVORCE — ATTORNEY FEES — APPEAL.

The award of attorney fees in a divorce action is within the discretion of the trial court to enable a party to carry on or defend the action; a trial court's award of attorney fees will not be disturbed on appeal absent a manifest abuse of discretion.

*Jack C. Chilingirian,* for plaintiff.

*Schlussel, Lifton, Simon, Rands, Kaufman, Galvin & Jackier* (by *Elwood S. Simon* and *Evelyn G. Butler*), for defendant.

Before: R. M. MAHER, P.J., and SHEPHERD and ALLEN,* JJ.

SHEPHERD, J. On May 23, 1973, Oakland Circuit Court Judge William John Beer entered a judgment of divorce that dissolved the marriage of plaintiff, Phyllis Rapaport, and defendant, Ray-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

mond N. Rapaport. The judgment divided the parties' property and ordered defendant to pay plaintiff $400 per week in alimony. Plaintiff appealed from the judgment of divorce as of right. In an opinion dated December 17, 1974, this Court remanded to the circuit court for entry of an amended judgment of divorce. On June 9, 1975, Judge Beer entered an amended judgment of divorce, which provided plaintiff with a larger share of the marital assets but did not alter the alimony award.

In December, 1977, defendant moved to terminate plaintiff's alimony award. That motion was still pending in May, 1979, when plaintiff moved for an increase in alimony from $400 per week to $600 per week. In a January 30, 1980, order, Judge Beer denied both motions. In a July 28, 1980, order, Judge Beer denied plaintiff's request for attorney fees and expert witness fees. Plaintiff appealed from that order as of right, and this Court affirmed.

On December 22, 1983, plaintiff again moved for modification of the alimony provision, asking that the payments be increased by $400 per week. On March 30, 1984, defendant moved for accelerated judgment on the ground that the court did not have jurisdiction over his person. Defendant had moved out of the United States and claimed to be living on a boat moored outside of United States territorial waters. Oakland Circuit Court Judge Robert C. Anderson denied defendant's motion in a September 27, 1984, order pursuant to a September 4, 1984, letter opinion.

On August 1, 1985, Judge Anderson issued an opinion and order granting plaintiff's motion for modification of the judgment of divorce and ordering an increase in alimony of $100 per week. In case No. 89204, plaintiff appeals from this order as

of right. In case No. 86817, defendant cross-appeals, asking this Court to declare the order null and void due to lack of personal jurisdiction over him.

In case No. 88649, plaintiff appeals from Judge Anderson's October 16, 1985, order granting plaintiff's motion to compel production of documents but denying her request for defendant's tax returns.

MCL 552.28; MSA 25.106 grants the circuit court continuing jurisdiction to revise and alter a judgment of divorce with respect to alimony payments. Initiation of proceedings to modify a judgment of divorce is therefore not a new action, as defendant maintains.

In *Talbot v Talbot,* 99 Mich App 247; 297 NW2d 896 (1980), lv den sub nom *Talbot v Burns,* 410 Mich 903 (1981), this Court addressed an issue that was very similar to the jurisdictional issue raised by the present defendant. There the issue was whether entry of a judgment of divorce terminates the suit so that before an increase in child support can be ordered and a judgment as to the amount of arrearage entered, new process must be issued and personal jurisdiction acquired. The *Talbot* Court held that "[i]f the court had in personam jurisdiction when it granted the divorce decree this authorizes revision, amendment or alteration of the custody and support provisions without new process issuing." 99 Mich App 253. See also *Kelley v Hanks,* 140 Mich App 816, 821; 366 NW2d 50 (1985). In other jurisdictions, this rule is apparently applied to proceedings to modify alimony payments:

> Where a proceeding for modification of an award of alimony or child support in a matrimonial action is permissible as a mere continuation of the

original proceeding in which the award was rendered, it has been universally held that, as against a party over whom the court had personal jurisdiction in the original proceeding in which the award was made, the court's power to modify the award may be exercised upon reasonable notice other than personal service within the court's jurisdiction, even though the person notified is a nonresident at that time. [62 ALR2d 544, § 2, p 546.]

Since it is not contested that the circuit court had personal jurisdiction over defendant at the time that the judgment of divorce was entered, the court had personal jurisdiction when it modified the alimony provision. Exercise of personal jurisdiction to increase defendant's alimony obligations was proper and did not "offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95 (1945).

Modification of alimony provisions is authorized by MCL 552.28; MSA 25.106. A modification of an alimony award must be based on new facts or changed circumstances arising since the judgment of divorce that justify a modification, and the party moving for modification has the burden of showing such new facts or changes in circumstances. *Crouse v Crouse,* 140 Mich App 234, 239; 363 NW2d 461 (1985). This evidence must appear in the record. *Graybiel v Graybiel,* 99 Mich App 30, 34; 297 NW2d 614 (1980). This Court reviews a modification of alimony de novo, and must exercise its independent judgment in reviewing the evidence. *Graybiel, supra,* p 33.

Plaintiff lives in Bloomfield Hills, Michigan, and is sixty-eight years old. Plaintiff testified regarding her living expenses since 1979, when her first motion to modify the alimony provisions was denied. Plaintiff stated that the mortgage payments

on her home remained unchanged, but that the taxes increased by $49 per year. The maintenance fee for her condominium also increased, as well as her utility, telephone, and condominium insurance bills. Her car payments rose in 1984. She had to buy a new car because her old one was six years old and had 93,000 miles on it. Plaintiff had been attending law school for years, and tuition had also risen. Her legal fees and costs of litigation were up as well. The costs of food, clothing, cleaning and repairs rose also. Plaintiff's exhibits 15 and 17 were admitted to show the rise in the Consumer Price Index, which showed that plaintiff's purchasing power had fallen considerably since she began receiving the $400 per week alimony payments. Plaintiff's income had decreased since 1979. She quit her job as a real estate salesperson in 1978 so that she could devote time to the divorce litigation. She had worked as a real estate salesperson since 1976.

Plaintiff also testified as to the state of her health. In 1979, she suffered an injury to her neck that required physical therapy and medication "for a period of months," and she still had to receive physical therapy on and off. Plaintiff's eyesight was worsening. She stated that she needs new eyeglasses and frames periodically and must also have preventive treatment for glaucoma. Her dentist told her in 1979 that she needed to have an inlay replaced, but she did not undergo this treatment because she did not have the money to pay for it, and had no dental insurance. In 1982, plaintiff was nearly hit by a car and was injured in avoiding the accident. Her jaw was injured during physical therapy that she was undergoing following that accident. Plaintiff also had a continuing arm and shoulder ailment from that incident. She received physical therapy for six weeks, but

her health insurance covered that expense. In 1979, plaintiff injured her neck while swimming,and physical therapy was required. Finally, plaintiff had a foot problem, suffered from some arthritis, and had a thirty-four-year-old back problem for which she occasionally wore a back brace. The back problem had not changed since 1979. Plaintiff stated that she was in excellent mental health and, aside from the ailments mentioned, in good physical health for a person of her age and condition.

With respect to her financial condition, plaintiff testified that in 1975, after the property settlement was adjusted pursuant to this Court's order, plaintiff had $180,000 in assets. That figure had diminished by $37,000. Plaintiff lost $14,000 on an investment and a $20,000 loan she made has not been repaid. Plaintiff receives $398 per month in Social Security benefits. She receives some interest and dividend payments, but she did not say the amounts of those payments. In July, 1976, plaintiff sold the marital home, which was hers under the amended judgment of divorce, and cleared $100,-000. She made a $12,000 down payment on a condominium and invested the rest. Plaintiff owned an undivided twenty-five percent interest in an apartment complex, also as a result of the judgment of divorce. A contract for the sale of the apartment complex had been signed, and plaintiff was to receive $80,000 from the sale.

On the surface, the above facts indicate Judge Anderson did not err in his determination that plaintiff's alimony award should be increased by $100 per week rather than the requested $400 per week. As noted by the judge in his opinion, although plaintiff's income decreased during 1979 and 1983 because she terminated employment as a real estate salesperson, plaintiff began receiving

Social Security benefits in 1981, netted $100,000 from the sale of the marital home, and was soon to receive $80,000 from the sale of an apartment complex. Plaintiff testified that her law school expenses had risen, but also testified that she had only twelve credits left in order to complete her degree; therefore, she was soon to be relieved of the tuition expense.

Judge Anderson also found that plaintiff's physical condition had not changed materially. Although she had some physical ailments, some of those are covered by health insurance. She had had back problems for over thirty years, so those problems do not represent a change in circumstances. Plaintiff also testified that in general she is in good health. Judge Anderson reasonably concluded that plaintiff's physical condition had not changed materially since 1979.

Inflation is a relevant factor in determining whether a judgment of divorce should be modified, *Bickham v Bickham,* 113 Mich App 408, 413; 317 NW2d 642 (1982), but it is only one of many relevant factors to be considered. Plaintiff cites *Hempton v Hempton,* 122 Mich App 4; 329 NW2d 514 (1982), in support of her contention that the judge did not give sufficient weight to the evidence of inflation. However, *Hempton* involved a property settlement agreement that contained an alimony provision with an escalator clause tied to the cost of living. The *Hempton* Court held that such clauses are enforceable. In the present case, no escalation clause is involved. Judge Anderson gave sufficient weight to the increased cost of living.

Thus, if all of the above facts were the only facts to be considered, we would be inclined to hold that Judge Anderson was correct in granting an increase in alimony of $100 per week. However,during the course of the proceedings in the trial

court, plaintiff made a request for examination of defendant's tax returns. This request was denied and the issue was preserved for appeal. Historically, it has been Michigan's policy to encourage "far-reaching, open and effective discovery practice." *Daniels v Allen Industries, Inc,* 391 Mich 398, 403; 216 NW2d 762 (1984). Discovery rules are to be liberally construed in order to further the ends of justice. *Id.* MCR 2.302(B)(1) describes the scope of discovery:

> Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as provided by this subrule.
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things and the identity and location of persons having knowledge of a discoverable matter.

Generally, a party's income tax returns are subject to discovery. *Fassihi v St Mary Hospital of Livonia,* 121 Mich App 11, 15; 328 NW2d 132 (1982). The granting or denial of discovery is within the trial court's discretion. *Maerz v United States Steel Corp,* 116 Mich App 710, 725; 323 NW2d 524 (1982).

In his order granting plaintiff's motion to compel production of documents, Judge Anderson gave no reason for denying plaintiff's request for defendant's income tax returns. Defendant has made no claim of confidentiality and, apparently, in contrast to *Fassihi, supra,* where the party's wife had not waived her right to confidentiality, no other

individual's privacy would be threatened by provision of defendant's tax returns. Additionally, as noted by plaintiff, defendant did provide his income tax returns up until 1981. Because of Michigan's policy of open discovery, it is our opinion that Judge Anderson abused his discretion in refusing to order defendant to provide his income tax returns.

As a consequence of the above analysis we are not able to determine whether all of the facts were before the trial court. At oral argument, we were informed that additional motions have been filed alleging fraud and misrepresentation on the part of the defendant. Whether those motions have any merit is a matter upon which we decline to comment. Nevertheless, for a proper decision of those motions as well as the issue of alimony, we believe that a remand is necessary for a new hearing in which all of defendant's tax returns that were filed up to the date of the new hearing should be disclosed in their entirety, including all supporting documentation filed with the Internal Revenue Service. Upon the disclosure of those tax returns and any other discovery allowed by the trial court, the court can proceed to reconsider the alimony issue in light of any new facts revealed.

Given our holding that the facts presently known justify an increase of $100 per week, we will leave the order increasing alimony by that amount unchanged pending the new hearing that will occur after completion of discovery.

Plaintiff has also appealed the trial court's denial of attorney fees.

MCR 3.206(A) provides:

(A) Attorney Fees and Expenses.
(1) In any domestic relations action, either party may request that the court order the other spouse

to pay an attorney a specified sum to enable that party to prosecute or defend the action.

(2) The moving party must allege facts showing that he or she is unable to bear the expense of the action without this aid. The court may require the disclosure of attorney fees or other expenses already paid.

(3) The court may order that a necessary and reasonable sum be paid to the attorney, either directly by the other spouse or from the spouse's assets over which the court has jurisdiction.

Attorney fees are not awarded as a matter of right, but only when required to enable a party to carry on or defend the action. *Vaclav v Vaclav,* 96 Mich App 584, 593; 293 NW2d 613 (1980). A trial court's award of attorney fees will not be disturbed on appeal absent a manifest abuse of discretion. *Id.*

In our opinion, it may have been an abuse of discretion not to award some attorney fees to plaintiff. Defendant's argument that plaintiff's attorney fees amounted to only $4,375 is incorrect. Plaintiff submitted an affidavit that shows her attorney fees to be in excess of $9,000. These fees resulted from plaintiff's efforts to modify her alimony award. In light of the modest increase in alimony that plaintiff received and this Court's 1982 opinion, which states that attorney fees may be considered living expenses, it appears that defendant should be responsible for part of plaintiff's attorney fees. Plaintiff should not have to invade her assets, which provide income for her living expenses, in order to pay her attorney fees. *Ozdaglar v Ozdaglar,* 126 Mich App 468, 473; 337 NW2d 361 (1983).

We, nevertheless, have a problem in determining the amount of attorney fees since we do not

have the benefit of a completed record. Since the tax returns were not furnished, and since whatever evidence that would flow from the tax returns and any discovery allowed as a result of such newly disclosed information is not available, the justification for attorney fees may very well be hidden by the absence of all necessary discovery. On remand, the trial court should reconsider the request for attorney fees on the petition for increase in alimony in light of the information that will be disclosed as a result of this opinion. Although it is our view that there would have been justification for imposition of an attorney fee on the facts that are known, we believe the wiser course would be to have the trial court revisit the issue when all of the facts are brought to light.

There is one aspect of the claim for attorney fees that can be partially decided now. Plaintiff has requested attorney fees for efforts expended in the Court of Appeals relating to the garnishment of defendant's assets to satisfy an $8,300 order for payment of alimony arrearage. On March 12, 1986, this Court entered an order directing a garnishee defendant to release funds. We stated that the circuit court order was clear and unambiguous and that the order of this Court was self-executing as to the original order of $8,300. We specifically found in our order that plaintiff should receive costs and attorney fees in the amount of $500 for the reason that the original order was unambiguous and required immediate compliance. We found that the arguments interposed by defendant were not well grounded in fact, were unwarranted by existing law, were not based on a good faith argument for the extension, modification or reversal of existing law, and were made for the purpose of unnecessary delay or needless increase in the cost of litigation. This order was entered

pursuant to MCR 7.216(A)(1)(7), MCR 7.219(F)(7) and MCR 2.114(D)(2) and (3).

Thereafter, on May 12, 1986, we issued an order denying rehearing and holding the prayer of plaintiff for additional attorney fees in abeyance for the panel hearing the appeal on the merits. It is our view that the motion for rehearing was also unjustified since it raised no new substantial issues. We learned at oral argument that following the denial of rehearing the $8,300 was paid. It is our view that plaintiff should receive a reasonable attorney fee for all efforts expended by her attorney in the Court of Appeals on the garnishment issue from March 12, 1986, until the date of payment. Since we are not able to determine that amount from this record, on remand the circuit judge will take testimony and enter an order for attorney fees accordingly. This relief is granted pursuant to MCR 7.216(A)(5). The previous award covers an award for services prior to March 12, 1986. On remand plaintiff is to receive an attorney fee at the actual hourly rate charged by her attorney if the trial court finds that rate to be reasonsable.

Remanded for further proceedings. We do not reserve jurisdiction.