# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DENISE WEATHERFORD,

UNPUBLISHED
May 17, 2018

Plaintiff-Appellee,

v

No. 337635
Oakland Circuit Court
LC No. 2009-759308-DM

JON W. BAYLESS, JR.,

Defendant-Appellant.

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Defendant, Retired Rear Admiral Jon W. Bayless, Jr., appeals by delayed leave granted[1] an order issued by the trial court in August 2016. Plaintiff, Denise Weatherford, sought to enforce a prior order enforcing certain provisions in the parties' January 2010 consent judgment of divorce. The trial court ordered Bayless to provide Weatherford with his annual tax return and to elect full coverage for Weatherford as the beneficiary of the Survivor Benefit Program (SBP) for Bayless's military pension. Bayless challenges both rulings. We affirm.

## I. PROCEDURAL BACKGROUND

Bayless and Weatherford married in July 1986. They signed a consent judgment of divorce in January 2010. The judgment provided that Bayless must pay Weatherford spousal support in the amount of $3,000 per month or 29% of his salary, whichever was greater, until he turned 58 or permanently retired, whichever occurred later. The judgment further ordered Bayless to disclose his income to Weatherford after he obtained civilian employment following his retirement from the military in October 2009. Weatherford had a corresponding right to review Bayless's 2010 income no later than April 15, 2011, to confirm that he made spousal support payments. The judgment also gave Weatherford half of Bayless's disposable retired pay from the military and ordered that Weatherford be designated a beneficiary of the Survivor Benefit Plan (SBP). Weatherford was required to request an SBP election within one year of the date of entry of the judgment of divorce.

---

[1] *Weatherford v Bayless*, unpublished order of the Court of Appeals, entered May 26, 2017 (Docket No. 337635).

Weatherford filed a motion in December 2014, asking the trial court to order Bayless to sign documentation for Weatherford "to collect full Navy Retirement benefits under the" SBP and half of Bayless's Navy pension payments scheduled to begin in February 2015. Weatherford attached the SBP election form. Bayless objected because Weatherford did not request the SBP election within one year of the date of entry of the judgment. In January 2015, the trial court ordered Bayless to sign the form and return it to Weatherford within seven days. Bayless mailed a signed copy of the form to Weatherford the next day.

Two weeks later, Bayless filed a motion requesting termination of spousal support in anticipation of his 58th birthday in February 2015. Bayless argued that because he had retired from the Navy and from Northwest Airlines in 2009, he would no longer owe spousal support once he turned 58. Bayless also noted that Weatherford was entitled to receive half of his Navy pension benefits, but recent legislation delayed payment of these benefits from age 58 to age 58 ½. Weatherford responded that Bayless still owed spousal support because he worked as a consultant and, therefore, was not permanently retired.

At the first day of an evidentiary hearing on this motion, Bayless testified that the parties agreed that he would pay spousal support until the Navy pension payments started. Bayless testified that he started his own consulting company, Pinnacle Holdings, and that he earned income as a consultant in 2012, 2013, 2014, and 2015. He also explained that he did not consider consulting to be employment because he did not earn benefits and he did not have an employment agreement. He maintained that he would stop working if he were ordered to pay spousal support on the basis of this consulting income.

Soon after the trial court adjourned the evidentiary hearing, Weatherford filed a motion to ensure the payment of spousal support until Bayless turned 58 ½ in August 2015, when Bayless's Navy pension payments would begin. On the second day of the evidentiary hearing, Weatherford testified that the parties intended for her to receive spousal support until the Navy pension payments started. Weatherford also stated her belief that Bayless should pay spousal support until the Navy pension payments started or he permanently retired from working.

The trial court issued an order in July 2015. The trial court found that the parties intended for Bayless to pay spousal support until the Navy pension payments began, which was now scheduled to start when Bayless turned 58 ½. The trial court further found that Bayless had not permanently retired because he worked as a consultant. Accordingly, the trial court ordered spousal support at 29% of Bayless's income, not to exceed $36,000 annually. The trial court ordered Bayless to give Weatherford his tax return annually so that she could verify his income for the purpose of determining how much spousal support he owed.

Weatherford filed an enforcement motion in January 2016. Weatherford noted that the trial court did not specify when Bayless was to furnish his tax return or pay Bayless spousal support. Weatherford added that Bayless elected survivor benefits at a reduced rate of $300, instead of full coverage, when he applied for his retirement benefits in October 2015. Weatherford asked the trial court to order Bayless to elect coverage based on full gross pay, to provide a copy of his tax return by April 15, and to pay annual spousal support by January 15 of the following year.

Bayless contested Weatherford's requests. Regarding the SBP, Bayless noted that he signed the SBP election form in January 2015, even though Weatherford failed to request the election within one year of the date of the judgment. Bayless disagreed that the trial court ordered full SBP coverage, and he explained that he selected reduced coverage to reduce the premium payment for the coverage and increase the amount of disposable pay.

The trial court ordered Bayless to pay Weatherford a lump sum for spousal support and half of his retirement pay beginning with the January 2016 payment. The trial court ordered Bayless to give Weatherford a copy of his tax return and to pay Weatherford spousal support by April 20 of each year. The trial court adjourned the matter regarding the SBP coverage.

In an evidentiary brief, Bayless argued that the judgment of divorce only required that Weatherford be listed as a beneficiary but did not specify the level of coverage. Bayless noted Weatherford's failure to request the SBP election within one year of the date of the judgment of divorce, but he still elected former spouse coverage in October 2015. Weatherford responded that she agreed the judgment did not specify the amount of SBP coverage, but DFAS defaulted to full coverage and required the signature of both spouses for reduced coverage. Weatherford requested full coverage.

Weatherford also filed an enforcement motion, arguing that Bayless provided an incomplete tax return with so many redactions that Weatherford could not verify his income. Weatherford attached details from the Florida Department of State showing that Bayless was still the active agent of Pinnacle Holdings Domestic Incorporated even after dissolving Pinnacle Holdings International LLC. Bayless responded that Pinnacle Domestic was an investment vehicle only and that he earned no income from that company. The trial court ordered Bayless to provide a full copy of his 2015 tax return as submitted to the IRS for *in camera* review.

The trial court subsequently issued the order that is the subject of this appeal in August 2016. First, the trial court ordered Bayless to submit his tax return to Weatherford in the same format that he filed it with the IRS, redacting only his current wife's social security number. The trial court found that the additional redactions proposed by Bayless would not permit Weatherford to verify Bayless's nonretirement income. The trial court added that Weatherford would face sanctions if she used the information inappropriately.

Next, the trial court found that Weatherford was entitled to SBP coverage based on full gross pay because the judgment did not give Bayless the option to select otherwise unilaterally. The trial court found that the judgment was silent on the amount of coverage. The trial court noted Weatherford's failure to make an SBP election within one year, as required, but the trial court decided that Weatherford should not be punished for that oversight. The trial court noted that the instructions governing payment options of Bayless's retirement benefit corroborated this finding because the default coverage is based on full pay unless otherwise specified.

Bayless filed a motion for reconsideration. In addition to challenging the trial court's ruling regarding the amount of SBP coverage, Bayless argued that the threat of sanctions was not enough to prevent Weatherford from exposing the information. The trial court denied reconsideration because Bayless failed to show palpable error and raised the same issues previously ruled on. The trial court later issued an order modifying its August 2016 order by

allowing Bayless to provide a copy of his tax return to Weatherford's attorney (or his attorney if Weatherford was not represented) for Weatherford to view. The trial court added that Weatherford was not permitted to receive a copy of the tax return.

## II. SURVIVOR BENEFIT COVERAGE

On appeal, Bayless first challenges the trial court's ruling regarding the amount of SBP coverage. This Court reviews for an abuse of discretion the trial court's "ultimate decision to grant or deny relief from a judgment." *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). This Court reviews de novo legal questions, including the interpretation of the terms of a consent judgment of divorce. *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008). Fact findings are reviewed for clear error. *Thornton v Thornton*, 277 Mich App 453, 458; 746 NW2d 627 (2008). A fact finding is clearly erroneous "if this Court is left with the definite and firm conviction that a mistake has been made." *Reed*, 265 Mich App at 150. "If the trial court's findings are not clearly erroneous, this Court must then decide whether the dispositional ruling was fair and equitable in light of the facts." *Berger v Berger*, 277 Mich App 700, 727; 747 NW2d 336 (2008). "In reviewing de novo equity cases, this Court may modify otherwise final judgments to rectify mistakes, clarify and interpret ambiguities, and alleviate inequities." *Hagen v Hagen*, 202 Mich App 254, 258; 508 NW2d 196 (1993).

A consent judgment of divorce is a contract and should be interpreted accordingly. *Holmes*, 281 Mich App at 587. Courts should enforce unambiguous contractual terms as written. *Rose*, 289 Mich App at 58-59. If the terms of a contract are ambiguous, interpretation of the contract raises a question of fact, and the trial court may resort to extrinsic evidence to resolve the ambiguity in a way that effectuates the parties' intent. *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017).

Generally, a trial court does not have the authority to modify a consent judgment "in the absence of fraud, mistake, illegality, or unconscionability." *Andrusz*, 320 Mich App at 453. "The trial court may, however, fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances." *Id*. In this case, the parties agreed that the judgment was silent on the issue of the level of coverage for survivor benefits. Therefore, the trial court did not err by finding the judgment to be silent on this point.

Bayless now argues that the judgment was unambiguous in requiring Weatherford to make the SBP election and select full coverage within one year. Bayless misinterprets the judgment and conflates making an SBP election with selecting the level of coverage of the survivor benefit. As the service member, Bayless elected the level of coverage when he applied to receive retirement pay in October 2015. This form also specified that the default level of coverage was based on full gross pay, and a reduced amount of coverage required the spouse's signature. On the other hand, the form that Weatherford completed to make the election did not give her the option to elect a level of coverage. These forms show that requesting an election is

-4-

different from specifying the amount of coverage. Consequently, the trial court did not clearly err by finding that Weatherford was entitled to coverage based on full gross pay.[2]

Moreover, Bayless signed Weatherford's SBP election form in January 2015 per court order, an order that Bayless did not appeal. A party may not agree to one course of action in the trial court then claim on appeal that this action was error requiring reversal. *Clohset v No Name Corp*, 302 Mich App 550, 555; 840 NW2d 375 (2013). The time for Bayless to challenge the timeliness of Weatherford's SBP election has long since passed.[3]

Furthermore, the trial court's order is consistent with the provision awarding Weatherford half of Bayless's disposable retired pay, which currently amounts to nearly $3,000 per month. The reduced coverage amount is a precipitous drop. Therefore, the trial court's decision was equitable because it furthered the arrangement the parties made for the division of Bayless's disposable retired pay. In short, we discern no abuse of discretion in the trial court's order that Weatherford was entitled to SBP coverage based on full gross pay.

## III. TAX RETURNS

Bayless also challenges the trial court's order regarding the production of his tax return. This Court reviews a "trial court's decision to grant or deny discovery . . . for an abuse of discretion." *In re Pott*, 234 Mich App 369, 373; 593 NW2d 685 (1999). "Generally, a party's income tax returns are subject to discovery." *Fassihi v St Mary Hosp of Livonia*, 121 Mich App 11, 15; 328 NW2d 132 (1982). In *Fassihi*, this Court approved the production of the tax returns to the trial court for *in camera* review and redaction of the spouse's information from the tax returns, balancing the broad scope of discovery with the confidentiality of the plaintiff's wife's tax returns. *Id*. at 15-16. The defendants were also required to show good cause for the production of the tax returns. *Id*. at 16.

In a child support modification proceeding, this Court held that the trial court did not abuse its discretion by ordering the former husband's wife to submit her tax returns and W-2 forms to the Friend of the Court, under seal, in response to the former wife's claim that her former husband was diverting income to his current wife to avoid paying child support. *Pott*, 234 Mich App at 377. This Court concluded that the trial court's order "imposed sufficient safeguards . . . ." *Id*.

---

[2] Weatherford submits new evidence on appeal to show that she tried to make the election within one year. We do not consider new evidence on appeal. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). In any event, these efforts are immaterial to our resolution of this issue.

[3] Bayless argues for the first time on appeal that it is too late to make the change. Bayless did not preserve this issue, and we do not address it. See *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 318; 885 NW2d 892 (2016).

In this case, as in *Fassihi*, the trial court reviewed Bayless's tax return *in camera* before ordering production of the full return with only his spouse's social security number redacted. The trial court added that Bayless could provide the form to Weatherford's attorney (or his attorney if she was not represented) for Weatherford to view but not to keep. In addition, Bayless's testimony that he did not consider consulting to be employment bore out Weatherford's concern that he was still working and owed spousal support. Therefore, Weatherford showed good cause. Accordingly, the trial court conducted an *in camera* review, ordered redaction, and appropriately balanced the protection of Bayless's confidentiality with Weatherford's need for the information.

Bayless contends that he has only filed tax returns in "married filing separately" status to protect his wife's financial information and that the trial court should review the tax return each year and redact Bayless's wife's financial information. If Bayless's tax return submitted to the trial court showed "married filed separately" status only, then his wife's social security number would have been the only information about her on the return that would require redaction. In the absence of a proposed joint tax return and the submission of Bayless's wife's financial information, the trial court did not abuse its discretion by ordering no further redactions.[4]

Bayless maintains that he should not be required to provide his tax returns indefinitely because he is not working. Bayless made the same claim in a motion to terminate spousal support in January 2015, arguing that he owed no more spousal support because he was about to turn 58 and had retired in 2009. Later, he testified that he did paid work as a consultant in 2011, 2012, 2013, and 2014 and expected to earn income in 2015. The trial court's order that Bayless must produce his tax returns reflects a concern that Bayless was not disclosing income that he was required to share with Weatherford. That is, Bayless did not convincingly demonstrate that he was permanently retired and no longer owed spousal support. Accordingly, the trial court did not abuse its discretion by ordering Bayless to produce his tax return annually and permitting him to redact only his wife's social security number.

We affirm.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly

---

[4] Bayless argued for the first time on reconsideration that the trial court's order invaded his constitutional right to privacy and that he could prove his income through an affidavit. An issue first raised on reconsideration is not preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Therefore, we do not address these issues.