BALDWIN v WILLIAMS

Docket No. 48359. Submitted January 6, 1981, at Grand Rapids.—
Decided February 20, 1981. Leave to appeal applied for.

Alice R. Baldwin sustained a shoulder injury while working as a
nurse's aide at Hackley Hospital in Muskegon, Michigan. Mrs.
Baldwin was examined and treated by Dale Williams, M.D., at
the employee health service center. Subsequently, Mrs. Baldwin
was referred to Douglas Giese, M.D., an orthopedic specialist.
Dr. Giese prescribed different medication and physical therapy.
Sometime later, an arthrogram revealed a tear in the rotator
cuff of Mrs. Baldwin's shoulder. After Dr. Giese withdrew as
Mrs. Baldwin's physician, surgery was performed. Alice R.
Baldwin brought an action in Muskegon Circuit Court for
malpractice and Thomas E. Baldwin, her husband, for loss of
consortium against Dale Williams, M.D., and Douglas Giese,
M.D. At the close of plaintiffs' proofs, both defendants moved
for a directed verdict on the basis that the plaintiffs had failed
to present any specific expert testimony establishing that defen-
dants had breached any duties owed to the plaintiffs. Ronald H.
Pannucci, J., granted the defendants' motion for a directed
verdict and denied plaintiffs' motion for a new trial. The
plaintiffs appeal, alleging that the trial court erred in granting
the directed verdicts because the ultimate conclusion concern-
ing the violation of the appropriate standard of care is a factual
question for the trier of fact and need not be supplied by expert
testimony. *Held:*

While an expert opinion as to the ultimate issue to be
decided by the trier of fact is admissible evidence it is not a
prerequisite to the plaintiffs' prima facie case of malpractice.
Here, the expert testimony established the various duties of
care owed to plaintiffs and other testimony set forth the defen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 534, 537.
Power of court sitting as trier of fact to dismiss at close of plaintiff's
evidence, notwithstanding plaintiff has made out prima facie
case. 55 ALR3d 272.
[2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 16-18, 20, 21.
[3, 4] 31 Am Jur 2d, Expert and Opinion Evidence § 148.

dants' conduct. The plaintiffs' failure to elicit a specific expert opinion with respect to a violation of the standard of care did not render the prima facie case against the defendants deficient.

Reversed and remanded.

1. MOTIONS AND ORDERS — DIRECTED VERDICTS.

A directed verdict in favor of a defendant is proper where the plaintiff has failed to establish a prima facie case of liability.

2. EVIDENCE — EXPERT TESTIMONY.

Expert testimony is necessary in cases where specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.

3. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — EXPERT TESTIMONY — STANDARD OF CARE — JURY QUESTIONS.

It is for the jury to decide what, if any, violation of the standard of care occurred in a malpractice action where an expert witness does not explicitly conclude that a defendant breached any standard of care as long as the expert assists the trier of fact in setting forth the applicable standard of care and other factual testimony demonstrates what actually occurred.

4. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — EXPERT OPINION — RULES OF EVIDENCE.

An expert opinion as to the ultimate issue to be decided by the trier of fact in a malpractice action is admissible into evidence but it is not a prerequisite to a plaintiff's prima facie case of malpractice (MRE 704).

*William C. Gage, P.C.,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant Williams.

*Baxter & Hammond* (by *Robert N. Alt, Jr.),* for defendant Giese.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Plaintiffs brought a medical malpractice action against defendants. After a six-day

jury trial in April, 1979, the trial court directed a verdict in favor of defendants. Plaintiffs' motion for a new trial was subsequently denied by the court.

On July 8, 1972, plaintiff Alice Baldwin sustained a shoulder injury while working as a nurse's aide at Hackley Hospital in Muskegon, Michigan. Plaintiff sought treatment at the hospital's employee health service center. Defendant Dr. Williams examined and treated Alice on numerous occasions from July through November, 1972. In December, Alice was referred to defendant Dr. Giese, an orthopedic specialist, who prescribed different medication and physical therapy. Dr. Giese examined Alice again in March, 1973. An arthrogram taken on April 10, 1973, disclosed a tear in the rotator cuff of the shoulder. After Dr. Giese withdrew as Alice's physician, surgery was performed in July, 1973, in Grand Rapids, Michigan.

At the close of plaintiffs' proofs, both defendants moved for a directed verdict on the basis that plaintiffs had failed to present any specific expert testimony establishing that defendants had breached any duties owed plaintiffs. The trial court agreed and stated:

"There are standards which might pertain to Dr. Giese, but a review of the record indicates no expert testimony to the effect that Dr. Giese violated any of the standard [sic] imposed upon orthopedic surgeons in 1972 with reference to this case.

"As a result of the Court's view and conclusions of the law, I find that there is, that this case should not be allowed to go to the jury.

\* \* \*

"The Court finds that extensive review of this record with reference to Dr. Williams fails to establish testi-

mony from an expert witness that the Dr. Williams violated standards of professional conduct. There are many standards set out. There are inferences from the facts in this case as to violation of those standards. But, there is no testimony from an expert witness that there is in fact violation of the standards.

"As a result, plaintiff has not met her burden of proving a prima facie case, and I grant the motion * * *."

Plaintiffs claim that the trial court erred in granting the directed verdicts because the ultimate conclusion concerning the violation of the appropriate standard of care is a factual question for the jury and need not be supplied by expert testimony. We agree and remand for a new trial.

A directed verdict in favor of a defendant is proper where the plaintiff has failed to establish a prima facie case of liability. *Patelczyk v Olson,* 95 Mich App 281, 283; 289 NW2d 910 (1980), *Blanchard v Monical Machinery Co,* 84 Mich App 279, 282; 269 NW2d 564 (1978).

Expert testimony is necessary in cases where specialized knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue". MRE 702. In *Lince v Monson,* 363 Mich 135, 140; 108 NW2d 845 (1961), the Supreme Court established the following rule:

"In a case involving professional service the ordinary layman is not equipped by common knowledge and experience to judge of the skill and competence of that service and determine whether it squares with the standard of such professional practice in the community. For that, the aid of expert testimony from those learned in the profession involved is required."

In applying this rule of law, this Court has not required that an expert witness testify that a

breach has occurred in a case where the expert stated the applicable standard of care and other factual testimony elicited at trial established what procedure was actually followed by the defendant. In *Tomei v Bloom Associates, Inc,* 75 Mich App 661, 665; 255 NW2d 727 (1977), the Court found sufficient evidence of a breach of the standard of care where the defendant admitted that he failed to discover a broken bur in the plaintiff's jaw and expert testimony indicated that it would be prudent practice procedure to inspect the bone bur (a type of dental drill) after an operation. No additional expert opinion testimony was found to be essential to the plaintiff's prima facie case of medical malpractice. Likewise, in *Ravenis v Detroit General Hospital,* 63 Mich App 79, 84; 234 NW2d 411 (1975), the expert testimony with respect to suitable choices for cornea donations coupled with other testimony concerning the hospital's ineffective procedure in supplying a donor's complete medical file was found sufficient to demonstrate the defendant's violation of its duty of care. More recently in *Patelczyk, supra,* 285, the Court framed the issue in that case as "whether defendant's testimony, in fact, established a standard of practice * * * and that what defendant did or did not do, was contrary to that standard of practice".

Based on the above, we are persuaded that the rule enunciated in *Lince, supra,* was not meant to require that an expert witness explicitly conclude that a defendant breached any standard of care. As long as the expert assists the trier of fact in setting forth the applicable standard of care and other factual testimony demonstrates what actually took place, it is for the jury to decide what, if any, violation occurred. To hold otherwise would involve elevating the expert testimony to more

than "assistance" and usurp the jury's function of inferring the violation of a duty of care. While an expert opinion as to the ultimate issue to be decided by the trier of fact is admissible under MRE 704, it is not a prerequisite to a plaintiff's prima facie case of malpractice.

In the instant case, the expert testimony established the various duties of care owed plaintiff Alice R. Baldwin and other testimony set forth defendants' conduct. Plaintiffs' failure to elicit a specific expert opinion with respect to a violation of the standard of care did not render the prima facie case against defendants deficient. Therefore, the trial court erred in directing verdicts in favor of defendants.

Reversed and remanded for a new trial.