LENZO v MAREN ENGINEERING CORPORATION

Docket No. 65782. Submitted December 12, 1983, at Detroit.—Decided February 21, 1984. Leave to appeal applied for.

Kris M. Lenzo, an employee of a bottle and can recycling plant, was injured when a crushing machine crushed his legs. Lenzo brought suit in Wayne Circuit Court against Maren Engineering Corporation, the manufacturer of the machine, and H. H. Donnelly & Associates, Inc., the retail seller of the machine. The court, Thomas J. Brennan, J., entered a judgment for the defendants on a jury verdict of no cause of action. The plaintiff appealed, alleging that: (1) the trial court erroneously permitted Maren's counsel to elicit testimony from a defense witness regarding the arrest of one of the plaintiffs' witnesses, (2) the trial judge erred in instructing the jury that admissions contained in a deposition of the president of Donnelly were not evidence against Maren, (3) the trial court erred in giving the instructions to the jury that were requested by Maren, and (4) the conduct of Maren's trial counsel operated to deny him a fair trial. *Held:*

1. The use of evidence of the arrest, not resulting in a conviction, for impeachment purposes and the procedure by which the extrinsic impeachment on a collateral matter was permitted was erroneous. Reversal is not required, however. The plaintiff has failed to make a showing of prejudice from the improper admission of the evidence. The testimony concerned a collateral matter and did not bear upon a substantive issue of the case.

2. While depositions of an opposing party may be used for any purpose, the admissibility of such evidence is controlled

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 783, 797, 798, 801, 803.
[2] 23 Am Jur 2d, Depositions and Discovery § 178.
[3] 29 Am Jur 2d, Evidence §§ 620, 696, 699.
[4] 29 Am Jur 2d, Evidence §§ 697, 698.
    Admissibility of pleading as evidence against pleader, on behalf of stranger to proceedings in which pleading was filed. 63 ALR2d 412.
[5] 5 Am Jur 2d, Appeal and Error § 891.

and limited by the rules of evidence. The trial court properly followed the long-standing rule that admissions made by one defendant are not admissible as substantive evidence against a codefendant.

3. The plaintiff failed to comply with the applicable court rule for objecting to instructions to the jury which requires the objecting party to state with specificity both the subject matter and the grounds for the objection. The instructions that were given were neither argumentative nor unsupported by the record.

4. There is no evidence in the record of misconduct on the part of Maren's trial counsel which would operate to deny the plaintiff a fair trial.

Affirmed.

1. EVIDENCE — PREJUDICIAL ERROR.

A determination of whether a trial court's error in admitting certain evidence was prejudicial necessarily depends upon the circumstances of the case, the fairness of the verdict, and whether the erroneously admitted evidence pertained to a substantive issue in the case.

2. EVIDENCE — DEPOSITIONS — COURT RULES.

Depositions of an opposing party may be used for any purpose; however, the admissibility of such depositions at a trial is controlled and limited by the rules of evidence (GCR 1963, 302.4).

3. EVIDENCE — ADMISSIONS — CODEFENDANT.

Admissions against interest by a defendant are not admissible as substantive evidence against a codefendant.

4. EVIDENCE — PLEADINGS — INCONSISTENT CLAIMS.

Allegations made by a party in a third-party complaint which are inconsistent with the pleader's defense in the principal action may not be used as admissions in the principal action where the third-party complaint, considered as a whole, was a conditional pleading.

5. JURY — JURY INSTRUCTIONS — COURT RULES.

A party objecting to the jury instructions given by a trial judge should state with specificity both the subject matter and the grounds for the objection (GCR 1963, 516.2).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine),* for plaintiff.

*Lakin, Worsham & Victor, P.C.* (by *Sanford N. Lakin* and *Larry A. Smith),* for Maren Engineering Corporation.

*Sullivan, Ward & Bone, P.C.* (by *Richard G. Ward),* for H. H. Donnelly & Associates, Inc.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff filed suit in September, 1979, against the manufacturer (Maren) and retail seller (Donnelly) of a baling-crushing machine, claiming that he suffered injuries as a result of the negligent design and installation of the machine and that the defendants had breached express and implied warranties. Plaintiff abandoned the warranty claims at the close of proofs and the case was submitted to the jury solely on the negligence theory. A verdict of no cause of action was rendered and judgment in accordance with the verdict was entered on July 2, 1982. From that judgment, plaintiff appeals as of right. We affirm.

Plaintiff was employed in a bottle and can recycling plant. His tasks included placement of cases containing bottles onto a conveyor belt which led to the crushing machine. On June 15, 1979, plaintiff climbed onto the moving conveyor belt in an "effort to break up the morning". The belt was approximately eight feet long and was elevated five feet off the floor. The sides of the crushing chamber, itself, were over six feet high. A co-employee, David Nuss, observed plaintiff climb onto a nearby counter and lie down on the moving conveyor belt. Nuss turned the belt off when plaintiff was within a foot of the belt's end. Plaintiff sat upright with his legs dangling over the crushing

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

chamber and, as a "prank", Nuss quickly turned the belt on and then off again. Plaintiff then either fell, slipped, or jumped into the crushing chamber. The self-activating feature of the machine turned on the ramming mechanism which crushed plaintiff's legs before he could get out of the chamber.

Plaintiff testified that he was aware of the self-activating feature of the machine (a photoelectric cell) which automatically engaged the crusher when the material inside the chamber reached a certain level. He admitted knowing that the machine was dangerous but stated that he did not wish to fall inside but was jerked into the machine, apparently when Nuss started the conveyor belt. Plaintiff testified that he had been on the conveyor belt on previous occasions but that he had not done so when the belt was in motion. Nuss testified that there was no work-related reason for anyone to be on the moving conveyor belt.

Plaintiff first argues that the trial court erroneously permitted counsel for Maren to elicit testimony from a defense witness concerning the arrest of one of plaintiff's witnesses. The use of evidence of an arrest, not resulting in conviction, for impeachment purposes and the procedure by which this extrinsic impeachment on a collateral matter was permitted, was erroneous. See *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973); MRE 608(b). Although erroneous, reversal is not required. A determination of prejudicial error necessarily depends on the circumstances of the case, the fairness of the verdict, and whether the erroneously admitted evidence pertained to a substantive issue in the case. *Ilins v Burns,* 388 Mich 504; 201 NW2d 624 (1972); *Sponenburgh v Wayne County,* 106 Mich App 628; 308 NW2d 589 (1981). Here, plaintiff has failed to make a showing of

prejudice resulting from the improper admission of this evidence. The testimony concerned a collateral matter and did not bear upon the substantive issue of the case.

Next, citing GCR 1963, 302.4, plaintiff asserts that the trial judge erroneously instructed the jury that admissions contained in the deposition of Donnelly's president, David Ryan, were not evidence against codefendant Maren. We disagree. While depositions of an opposing party may be used for any purpose, the admissibility of such evidence is still controlled and limited by the rules of evidence. GCR 1963, 302.4. Therefore, the trial court properly followed the long-standing rule that admissions of one defendant are not admissible as substantive evidence against a codefendant. See, e.g., *Gibbard v Cursan,* 225 Mich 311; 196 NW 398 (1923); *Ghezzi v Holly,* 22 Mich App 157; 177 NW2d 247 (1970); *Fassihi v St Mary's Hospital of Livonia,* 121 Mich App 11; 328 NW2d 132 (1982).

Five months prior to trial, Donnelly filed a cross-claim against Maren seeking indemnification in the event that plaintiff obtained a judgment against Donnelly. Plaintiff sought to introduce that pleading into evidence as an admission against Donnelly in his case in chief. We find that the trial court properly applied the exception to GCR 1963, 604, set forth in *Slocum v Ford Motor Co,* 111 Mich App 127; 314 NW2d 546 (1981), to prohibit the admission of the cross-claim. The allegations contained within the cross-claim were in the nature of alternative or conditional pleadings and were predicated upon an initial finding of liability against Donnelly in plaintiff's original action. Thus, introduction of the allegations in the cross-claim would have left Donnelly virtually de-

fenseless and would have placed Donnelly in the position of having to forgo a claim for indemnification at the risk of having evidence of the inconsistent allegations introduced at trial as admissions of liability in the principal action.

Plaintiff next argues that the trial court erred by giving defendant Maren's requested jury instructions. Plaintiff claims that the instructions were repetitive, argumentative, not warranted by the evidence, and a misstatement of the law. Plaintiff failed to comply with GCR 1963, 516.2, which requires the objecting party to state with specificity both the subject matter and the grounds for the objection. Our review of the record indicates that the given instructions were neither argumentative nor unsupported by the record. Further, the jury was instructed in accordance with the standard set forth in *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982), and any reference to the "obvious" nature of the risk was harmless, given plaintiff's own admission that he knew the machine was dangerous and that his actions were foolish and a misuse of the machine.

The final allegation of error involves the conduct of defendant Maren's trial counsel. We note that the transcript is replete with evidentiary objections and heated exchanges between counsel, but we also note that the exchanges occurred for the most part out of the presence of the jury. We find no evidence of misconduct on the part of trial counsel which would operate to deny plaintiff a fair trial.

Having reviewed the record in conjunction with plaintiff's asserted grounds of error, we affirm the judgment of the trial court. Costs to defendant.