SHIELDS v GRANDSTAFF

Docket No. 88961. Submitted February 19, 1987, at Detroit. Decided
    July 6, 1987. Leave to appeal applied for.

James Shields was killed when he was struck by a truck driven
    by Patrick E. Grandstaff. Debra Shields, individually, as per-
    sonal representative of the decedent's estate, and as guardian
    of the decedent's children, brought a wrongful death action in
    Oakland Circuit Court against Grandstaff, Joseph Reddo, indi-
    vidually and doing business as Joe's Moravian Lounge (the bar
    in which Grandstaff had allegedly consumed alcohol prior to
    the accident), and Ohio Casualty Insurance Company. Follow-
    ing a trial, the jury returned a verdict of $325,000 against
    Grandstaff, but found no liability on the part of the other
    defendants. Judgment was entered in accordance with the
    verdict, Richard D. Kuhn, J. Plaintiff appealed claiming error
    in the trial court's exclusion of the deposition of a barmaid who
    had been employed at Joe's Moravian Lounge and in the trial
    court's failure to give the additional jury instructions plaintiff
    had requested.

    The Court of Appeals held:

    1. The deposition of a party or anyone who at the time of the
    transaction or occurrence out of which the action arose or at
    the time of the taking of the deposition was an officer, director,
    employee, or agent of a party may be used by an adverse party
    for any purpose provided it is admissible under the rules of
    evidence. In this case, the barmaid's deposition testimony to
    the effect that Grandstaff was served by other employees while
    he was intoxicated is: (1) hearsay and not admissible under any
    of the exceptions to the rule against hearsay; and (2) not an
    admission by a party opponent since the barmaid was no longer

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 178, 181.

Am Jur 2d, Evidence §§ 127, 600-602, 1087.

Am Jur 2d, Master and Servant § 384.

Am Jur 2d, Trial, §§ 574, 588, 589, 592, 593.

Party's right to use, as evidence in civil trial, his own testimony
    given upon interrogatories or depositions taken by opponent. 13
    ALR3d 1312.

an employee of the lounge at the time she gave her deposition testimony.

2. The trial court adequately instructed the jury on the applicable law by reading SJI2d 75.03. Plaintiff's additional, requested instructions would have added nothing to an already balanced and fair charge.

Affirmed.

1. EVIDENCE — DEPOSITIONS — RULES OF EVIDENCE.

The party seeking the admission of deposition testimony bears the burden of proving its admissibility under the rules of evidence; the admission of such evidence is within the trial court's discretion (MCR 2.308[A][1]).

2. EVIDENCE — ADMISSIONS BY PARTY OPPONENTS.

A statement by a party's agent or servant concerning a matter within the scope of his agency or employment must be made during the existence of the relationship in order to be admissible under the rule of evidence regarding admissions by a party opponent (MRE 801[d][2][D]).

3. TRIAL — JURY INSTRUCTIONS.

It is within a trial court's discretion whether a proposed jury instruction is applicable and accurately states the law; a trial court does not abuse its discretion in refusing to give a party's proposed instructions where such instructions would add nothing to an already balanced and fair charge.

*Bushnell, Gage, Doctoroff & Reizen* (by *Martin M. Doctoroff* and *Scott D. Moore*), for plaintiff.

*J. Michael Malloy III*, and *Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.*, (by *John P. Jacobs* and *Ernest R. Bazzana*), Attorneys of Counsel for defendants Reddo and Ohio Casualty Insurance Company.

Before: D. E. HOLBROOK, JR., P.J., and SULLIVAN and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff Debra Shields, individually, as guardian of the children of James Shields,

* Circuit judge, sitting on the Court of Appeals by assignment.

and as personal representative of the estate of James Shields, filed this cause of action seeking damages for the wrongful death of her husband, decedent James Shields, under the dramshop act, MCL 436.22; MSA 18.993. Following trial, the jury returned a verdict of $325,000 against the alleged intoxicated person, defendant Patrick Grandstaff, but found no liability on the part of Joseph Reddo, individually and doing business as Joe's Moravian Lounge, and Ohio Casualty Insurance Company. Judgment was entered in accordance with the jury's verdict. Plaintiff appeals as of right claiming:

I. The trial court erred in excluding the deposition of Patricia Dudash, a barmaid who was employed at Joe's Moravian Lounge; and

II. The trial court erred by failing to instruct the jury on plaintiff's requested additional instructions.

We affirm.

Although somewhat disputed, the essential facts are as follows. On April 10, 1980, defendant Grandstaff went to Joe's Moravian Lounge at approximately 8:00 P.M. Seated at the bar, he drank approximately six beers from the time he arrived to the time he left at approximately 1:30 A.M. on April 11, 1980. At approximately 2:30 A.M., Grandstaff drove off I-75 onto the shoulder of the highway striking and killing plaintiff's decedent who was on the shoulder repairing a car.

Grandstaff testified that he went straight from the lounge to the accident scene without stopping. However, some evidence indicated that he may have been drinking in his truck between the time he left the lounge and the time of the accident.[1]

---

[1] The route Grandstaff took was only a twenty minute drive, leaving an unexplained forty minute gap between the time Grandstaff

I

Plaintiff first contends that the trial court erred in excluding the deposition testimony of Patricia Dudash, a barmaid at the lounge. Dudash's deposition testimony was that defendant Grandstaff was intoxicated while at the lounge and, although not served by her, was served by other lounge employees.

Depositions may be used as long as they are admissible under the rules of evidence. MCR 2.308(A)(1), formerly GCR 1963, 302.4(3). *Kueppers v Chrysler Corp,* 108 Mich App 192, 205; 310 NW2d 327 (1981), lv den 414 Mich 863 (1982); *Fassihi v St Mary Hospital of Livonia,* 121 Mich App 11, 13; 328 NW2d 132 (1982). The party seeking admission bears the burden of proof under this court rule. *Valley Nat'l Bank of Arizona v Kline,* 108 Mich App 133, 141; 310 NW2d 301 (1981); *Fassihi, supra,* p 13. The admission of such evidence is within the trial court's discretion. *Socha v Passino,* 405 Mich 458, 471; 275 NW2d 243 (1979); *Fassihi, supra,* pp 13-14.

The pertinent provisions of MCR 2.308(A)(1) state:

> (1) At the trial, or the hearing on a motion, or a preliminary proceeding, a part or all of a deposition so far as admissible under the rules of evidence may be used against a party who was present or represented at the taking of the deposition or had reasonable notice of it, in accordance with any of the following provisions:

should have reached the accident site and the time he actually arrived. One of the investigating police officers testified to seeing open beer in the cab of Grandstaff's truck which later disappeared. In the bed of Grandstaff's truck were about thirty empty beer cans. The window at the back of the truck cab was slightly open. Grandstaff denied drinking any beer between the time he left the lounge and the accident.

\* \* \*

(b) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of a party may be used by an adverse party for any purpose.

(c) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

\* \* \*

(iii) that the witness is at a greater distance than 50 miles from the place of trial or hearing.

In this case, the trial court refused to admit Dudash's deposition, finding that plaintiff had failed to establish that Dudash was "unavailable" within the meaning of the rules of evidence or MCR 2.308(A)(1)(c)(iii).

On appeal, plaintiff contends that the trial court based its ruling on an incorrect statement of law. Specifically, the court stated that "according to the Rules of Evidence if the party is available and within 50 miles the Court's going to rule that you cannot use it [the deposition]." In making its ruling, the court cited *Lenzo v Maren Engineering Corp,* 132 Mich App 362; 347 NW2d 32 (1984), lv den 419 Mich 937 (1984). Although that case dealt with the rule that admissions, which were contained in the deposition of one defendant, were not admissible as substantive evidence against a codefendant, the Court also stated that the admissibility of depositions of an opposing party is controlled and limited by the rules of evidence. Although the trial court's ruling was somewhat conclusory and confusing, the substance of the holding was correct.

Plaintiff's request to admit Dudash's deposition

into evidence was brought pursuant to MCR 2.308(A)(1)(b). Noting the language of the court rule stated above, we reiterate that a deposition may be used against a party who is present or represented so far as admissible under the rules of evidence. Although under subsection (1)(b) Dudash was an employee of defendant at the time of the transaction or occurrence out of which the action arose, her deposition testimony is inadmissible hearsay evidence. MRE 801(c). Plaintiff's argument that the deposition testimony is not hearsay since it constitutes an admission by a party opponent under MRE 801(d)(2)(D) is meritless since that rule provides that such a statement be made by a party's agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship. Here, it is undisputed that Dudash was no longer employed by defendant when her deposition testimony was taken.

Second, Dudash's deposition testimony is not admissible as former testimony under MRE 804(b)(1) since plaintiff failed to establish that Dudash was unavailable within the meaning of that rule.

For the same reason Dudash's deposition testimony may not be used under MCR 2.308(A)(1)(c)(iii). Under that rule, deposition testimony may be used by a party only after that party demonstrates that the witness was either unavailable within the meaning of MRE 804(a) and (b)(1) or MCR 2.308(A)(1)(c)(iii). See *Beachum v Bay Valley Associates,* 120 Mich App 412, 419; 328 NW2d 54 (1982), lv den 418 Mich 853 (1983). Since plaintiff failed to make such a showing, the trial court properly excluded Dudash's deposition testimony.

II

Plaintiff also contends that the trial court erred

in failing to give the three special jury instructions she requested.[2] The trial court declined to give the requested instructions on the basis that the standard jury instructions already covered the areas covered by the special instructions. We agree.

When the standard jury instructions do not adequately cover a particular area, the trial court is obligated to give additional jury instructions when requested where those instructions properly instruct on the applicable law. *Eide v Kelsey-Hayes Co,* 154 Mich App 142, 150; 397 NW2d 532 (1986). It is within the trial court's discretion whether a proposed instruction is applicable and accurately states the law. *Id.*

---

[2]

1. The proof in a Dram Shop [sic] case does not depend upon Defendant's fault. The basis of liability asserted against the Defendant bar owner is pur[ely] statutory and does not depend on proof of intentional wrong doing [sic] or negligence. However, as careful as a tavern owner may be, if he makes an unlawful sale that contributes to Plaintiff's injury, he is fully liable. See *Duncan v Beres,* 15 Mich App 318, 331; 166 NW2d 678 (1968).

2. There has been a claim that the defendant, Patrick Everett Grandstaff, consumed intoxicating liquor after leaving Joe's Moravian Lounge. Under the Dram Shop Act [sic], a tavern which by an unlawful sale contributes to a particular intoxication, is liable for damages caused during that intoxication by the intoxicating [sic] person. Accordingly, even if you find the Defendant, Patrick Everett Grandstaff, would not have been intoxicated at the time of the accident, except for the drinks that he consumed after he left the Defendant's tavern, the liability of the tavern continues as long as there is no break in the intoxication between the time preceding the illegal sale and the time of the accident in which James Shields received his fatal injuries. See *Mason v Lovins,* 24 Mich App 101, 114; 180 NW2d 73 (1970).

3. In an action under the Dram Shop Act [sic] you may find that a casual [sic] relationship existed between the Defendants [sic] Patrick Grandstaff's intoxication and a subsequent automobile accident where the record discloses that there are sufficient facts and permissible [inferences] which you could reach such conclusion. See *Podbielski v Argyle Bowl, Inc,* 44 Mich App 280, 286; 205 NW2d 240 (1973), aff'd 392 Mich 380; 220 NW2d 397 (1974).

In *Johnson v Corbet,* 423 Mich 304; 377 NW2d 713 (1985), the Supreme Court indicated that a requested instruction need not be given if the instruction would simply add nothing to an otherwise balanced and fair jury charge. *Id.,* p 327. In the instant case, plaintiff's additional requested instructions would have added nothing to an already balanced and fair charge since those instructions were covered by SJI2d 75.03. Hence we conclude that the trial court did not abuse its discretion in refusing plaintiff's additional instructions.

Affirmed.