NIEMI v UPPER PENINSULA ORTHOPEDIC ASSOCIATES, LTD

Docket No. 102378. Submitted May 3, 1988, at Marquette. Decided
    September 13, 1988.

    Gerald and Kathleen Niemi brought an action in the Gogebic
    Circuit Court against Upper Peninsula Orthopedic Associates,
    Ltd., and Gerald L. Davis for medical malpractice. Plaintiffs
    appealed from a judgment, William G. Cloon, Jr., J., on a jury
    verdict of no cause of action. Plaintiffs argue that the court
    erred in refusing to admit the deposition of their expert witness
    and in refusing to instruct the jury on res ipsa loquitur.
    Defendants cross-appealed, alleging that the court erred in not
    requiring plaintiffs to produce their own expert to establish the
    applicable standard of care.

    The Court of Appeals *held:*

    1. Before deposition testimony may be used in place of live
    testimony, the opposing party must be given an opportunity to
    cross-examine the witness. After the taking of the deposition,
    questions concerning the witness' qualifications arose. To have
    admitted the deposition would have been to deny defendants
    the right of cross-examination concerning his qualifications.

    2. The elements of res ipsa loquitur are (1) the event must be
    of a kind which ordinarily does not occur in the absence of
    someone's negligence, (2) it must be caused by an agency or
    instrumentality within the exclusive control of the defendant,
    (3) it must not have been due to any voluntary action or
    contribution on the part of the plaintiff, and (4) evidence of the
    true explanation of the event must be more readily accessible
    to the defendant than to the plaintiff. Plaintiffs failed to
    present any evidence to indicate that the condition in question
    did not normally occur absent negligence. Thus, the court
    properly denied the request for an instruction on res ipsa
    loquitur.

    3. A plaintiff in a medical malpractice action may establish

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 174 *et seq.*

Am Jur 2d, Physician's Surgeons, and Other Healers §§ 205 *et seq.,*
    333 *et seq.*

Applicability of res ipsa loquitur in case of multiple medical defen-
    dants—modern status. 67 ALR4th 544.

the applicable standard of care through his own witnesses or through defendant's witnesses by cross-examination.
    Affirmed.

1. EVIDENCE — DEPOSITIONS.
    Before deposition testimony may be used in place of live testimony, the opposing party must be given an opportunity to cross-examine the witness.

2. NEGLIGENCE — MEDICAL MALPRACTICE — RES IPSA LOQUITUR.
    The doctrine of res ipsa loquitur applies to medical malpractice actions; the elements of res ipsa loquitur are (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence, (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant, (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff, and (4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.

3. WITNESSES — STANDARD OF CARE — MEDICAL MALPRACTICE.
    A plaintiff in a medical malpractice action may establish the applicable standard of care through his own witnesses or through defendant's witnesses by cross-examination.

*Richard B. Adams,* for plaintiff.

*Stroup, Mulhauser, Johnson & Tresidder, P.C.* (by *Nathaniel W. Stroup* and *Stephen J. Tresidder*), for defendants.

Before: BEASLEY, P.J., and SAWYER and WEAVER, JJ.

PER CURIAM. Plaintiffs appeal from a judgment of no cause of action as to their medical malpractice action. Defendants cross-appeal. We affirm.

I

On appeal, plaintiffs raise two issues. They first argue that the trial court abused its discretion in refusing to admit into evidence the deposition of

their expert witness, Dr. Hoerner. We are unpersuaded by this argument.

Admission of depositions at trial is generally left to the trial court's discretion. *Shields v Grandstaff,* 161 Mich App 175, 178; 410 NW2d 308 (1987), lv gtd 430 Mich 857 (1988). Depositions of an expert witness are admissible at trial, but only insofar as permitted by the rules of evidence. MCR 2.308(A)(1). The party seeking admission bears the burden of proving admissibility. *Shields, supra.* Before deposition testimony may be used in place of live testimony, the opposing party must be given an opportunity to cross-examine the witness. *Bonelli v Volkswagen of America, Inc,* 166 Mich App 483, 502; 421 NW2d 213 (1988).

Subsequent to taking Dr. Hoerner's deposition, significant questions arose regarding Dr. Hoerner's qualifications to serve as an expert witness, and Dr. Hoerner voluntarily withdrew from participation. Had the trial court allowed the use of Dr. Hoerner's deposition at trial, defendants would have been unable to question him as to his credibility and credentials and would have been denied their constitutional right of cross-examination. Therefore the trial court did not abuse its discretion in refusing to admit the deposition into evidence at trial. *Shields, supra.*

We also disagree with plaintiff's second argument that the trial court erred when it refused to instruct the jury on the theory of res ipsa loquitur.

Jury instructions are reviewed by this Court in their entirety and should not be extracted piecemeal. *Wheeler v Grand Trunk W R Co,* 161 Mich App 759, 763; 411 NW2d 853 (1987). Whether additional instructions are necessary is a matter for case-by-case analysis. *Jones v Porretta,* 428 Mich 132, 146; 405 NW2d 863 (1987). Reversal is

not mandated unless failure to vacate the jury's verdict would be inconsistent with substantial justice. *Johnson v Corbet,* 423 Mich 304, 326; 377 NW2d 713 (1985).

In denying defendants' motion for a directed verdict, the trial court found there to be three types of medical malpractice cases: (1) where there is expert testimony indicating professional malpractice; (2) where the situation is so gross that a layperson needs no expert testimony in order to find malpractice; and (3) res ipsa loquitur or circumstantial evidence of negligence.[1] The trial judge recognized that expert testimony was needed to show that the defendant doctor had breached the standard of care and to show that such breach proximately caused the patient's injury. The trial judge also recognized that the situation was not so gross that a layperson would find malpractice without the benefit of expert testimony. The only remaining category was that of circumstantial evidence, or the inference of negligence based on a theory of res ipsa loquitur.

The Michigan Supreme Court has only recently recognized the application of res ipsa loquitur to medical malpractice cases. *Jones, supra* at 150-151. The elements of res ipsa loquitur are as follows: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and (4) evidence of the true explanation

---

[1] Plaintiffs then amended their complaint to include res ipsa loquitur and requested an additional instruction on res ipsa loquitur. The trial court declined to give the special instruction, since it found the instruction on circumstantial evidence to be sufficient. The trial court again declined to give the instruction after plaintiffs' counsel asked for reconsideration.

of the event must be more readily accessible to the defendant than to the plaintiff. *Id.*

In this case, plaintiffs failed to present evidence of the first element. Plaintiffs presented no evidence to indicate that recurrence of pain following a hip resurfacing is an event of a kind which does not normally occur absent negligence.[2] Therefore the court did not err in declining to give the special instruction.

---

[2] Plaintiffs' failure to engage a new expert—nine months following the voluntary withdrawal of Dr. Hoerner under suspicious circumstances—prompted the trial court to order plaintiffs to engage a substitute expert witness on pain of dismissal. Instead of complying with this order, plaintiffs' counsel moved to withdraw and defendants then moved to dismiss. Recognizing the possibility, albeit unlikely, that defendants themselves might provide expert testimony indicating a breach of the standard of care, the court allowed the matter to proceed to trial.

At trial, the only medical testimony presented on plaintiff's behalf was by defendants, called under the adverse-party rule, MCL 600.2161; MSA 27A.2161, and by the deposition of Dr. Townley. Dr. Townley testified that, prior to plaintiff's being referred to him, plaintiff had received high-quality care appropriate to his problem and that Dr. Davis had not departed from the applicable standards of care for orthopedists. Dr. Townley further testified that, although he did not find a loosening of the prosthesis or articular surface to be a "normal" complication of the surgery, it was "a potential complication that must always be . . . anticipated." He also testified that he did not regard the slight loosening of an articular resurfacing as necessary evidence that the prosthesis had been improperly applied, and that he thought such loosening could occur without negligence or malpractice on the part of the surgeon.

Dr. Davis testified to his belief that no one at Upper Peninsula Orthopedic Associates, Ltd., had deviated from the standard of care applicable to orthopedists in treating the plaintiff.

Dr. Lesher testified that, from an examination of plaintiffs' x-ray records, he found no technical problems with the operation and believed that the care given by Dr. Davis, Dr. McKinley and himself was according to the generally accepted standards of care of orthopedic surgery at the time the care was rendered.

Dr. Kihm testified that subsequent loosening of an articular component did not indicate that the operation had been improperly performed by the surgeon, that pain following a TARA arthroplasty was not a circumstance from which a surgeon's negligence could be fairly inferred, that he saw no evidence of Dr. Davis having departed from the applicable standard of care in treating plaintiff, and that he believed Dr. Davis' care to have been appropriate.

II

On cross-appeal, defendants argue that the trial court erred by not requiring plaintiffs to produce their own expert witness to establish the applicable standard of care and defendants' breach.

We find no error. Plaintiffs did not need to establish the applicable standard of care through their own expert, but were permitted to call defense witnesses as adverse witnesses and cross-examine them. MCL 600.2161; MSA 27A.2161; *Rice v Jaskolski*, 412 Mich 206, 211-212; 313 NW2d 893 (1981); *Patelczyk v Olson*, 95 Mich App 281, 285; 289 NW2d 910 (1980). Plaintiffs' use of adverse witnesses produced enough expert testimony to establish the applicable standard of care. The issue of breach of the standard of care did not have to be established by expert testimony, but could properly be left to the jury as factfinder. *Baldwin v Williams*, 104 Mich App 735, 739-740; 306 NW2d 314 (1981), lv den 412 Mich 873 (1981).

Defendants also argue on cross-appeal that the trial court erred by allowing the case to go to the jury without any evidence that recurrence of pain following a hip resurfacing is an event of a kind which does not normally occur absent negligence. We agree with this argument. However, since plaintiffs do not prevail as to their issues on appeal, our affirmance of the jury's verdict of no cause of action renders further analysis unnecessary.

Affirmed.