PEOPLE v WESTBROOK

Docket No. 102426. Submitted December 20, 1988, at Lansing. Decided March 6, 1989.

Franklin Delano Westbrook was convicted of larceny over $100 following a jury trial in Oakland Circuit Court, Robert L. Templin, J. Defendant then pled guilty to being an habitual offender, third offense, and was sentenced to one year imprisonment in the Oakland County Jail. Defendant appealed.

The Court of Appeals *held:*

1. The prosecuting attorney improperly cross-examined, over defense objection, a defense witness concerning three prior arrests of the witness which had not culminated in convictions. The use, for impeachment purposes, of evidence of an arrest not resulting in conviction is erroneous. This error cannot be considered harmless because it was the prosecution's theory that defendant assisted this witness in committing the crime charged, and the evidence thus pertained to a substantive issue in the case, i.e., the credibility of the witness, who testified that he had already pled guilty to the crime with which defendant was charged and that defendant was not involved in the crime. Defendant's conviction must be reversed and the matter remanded to the trial court for a new trial.

2. The prosecuting attorney improperly asked defendant on cross-examination why he elected to remain silent at the time of his arrest, rather than express his innocence. An accused has no obligation to profess his innocence to police upon arrest. The prosecutor's questioning as to defendant's failure to profess his innocence violated defendant's right to remain silent. On re-

REFERENCES

Am Jur 2d, Criminal Law §§ 936-952; Witnesses §§ 30-68, 595.

Impeachment of defendant in criminal case by showing defendant's prearrest silence—state cases. 35 ALR4th 731.

Failure to object to improper questions or comments as to defendant's pretrial silence or failure to testify as constituting waiver of right to complain of error—modern cases. 32 ALR4th 774.

Right to impeach witness in criminal case by inquiry or evidence as to witness' criminal activity for which witness was arrested or charged, but not convicted—modern state cases. 28 ALR4th 505.

trial, the prosecutor should not make any further reference to defendant's exercise of his right to remain silent.

Reversed and remanded for a new trial.

1. WITNESSES — IMPEACHMENT — PRIOR ARRESTS.

No inquiry may be made, for purposes of impeachment, regarding prior arrests of a witness which did not result in conviction.

2. CRIMINAL LAW — RIGHT TO SILENCE.

An accused has no obligation to profess his innocence to police upon arrest, and where an accused chooses to exercise his right to silence, that silence may not be used against him at trial.

3. CRIMINAL LAW — RIGHT TO SILENCE — PRESERVING QUESTION — APPEAL — CONSTITUTIONAL LAW.

The fact that a defendant fails to raise at trial a proper objection to questions concerning his exercise of his right to silence at the time of his arrest does not preclude the Court of Appeals from reviewing the issue (US Const, Am V; Const 1963, art 1, § 17).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*James A. Carlin,* for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ

V. L. WASHINGTON, J. Following a two-day jury trial, defendant was convicted on March 6, 1987, of larceny over $100, MCL 750.356; MSA 28.588. Defendant pled guilty to being an habitual offender, third offense, MCL 769.11; MSA 28.1083. On April 16, 1987, defendant was sentenced to one year imprisonment in the Oakland County Jail, with daytime work release. Defendant appeals his convictions as of right. We reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, prosecution witness Linda Lane testified that she and her two children were in their automobile in the Withington parking lot, located in the City of Ferndale, on August 25, 1986. While driving through the parking lot, Lane heard a rolling sound. She then saw a man rolling a hub cap towards an older, powder-blue automobile. The witness saw the man place the hub cap in the back seat of the car. A second individual was seated in the driver's seat. Later, Lane observed the same powder-blue car in a parking lot across the street. She advised the Ferndale Police Department of the situation. Both defendant, the driver of the vehicle, and Robert Lee Smith, alias William Tucker, the passenger, were arrested for larceny over $100.

Smith testified at trial that he had previously pled guilty for stealing the hub caps in question. Smith testified that defendant was not involved in the theft. Defendant testified that he was shopping in Ferndale while Smith remained in the car and that he had no knowledge that Smith was stealing hub caps.

On appeal, defendant argues that the prosecutor denied defendant a fair trial by questioning defense witness Smith concerning three prior arrests which had not culminated in convictions. On cross-examination, over defense objection, the prosecution questioned Smith about a 1965 arrest for rape, a 1985 arrest for attempted unlawful driving away an automobile in Warren, and an unlawful driving away an automobile arrest in Detroit. It is well settled that the use, for impeachment purposes, of evidence of an arrest not resulting in conviction is erroneous. See *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973); *Lenzo v Maren Engineering Corp,* 132 Mich App 362, 365; 347 NW2d 32 (1984); MRE 608(b). Here, we find the prosecutor's cross-examination to have been im-

proper. As it was the prosecution's theory that defendant assisted Smith in committing the crime, the evidence pertained to a substantive issue in the case—Smith's credibility—thus the error cannot be considered harmless. See *Lenzo, supra.* On this ground, we reverse and remand for a new trial.

Defendant also challenges the propriety of the prosecutor's conduct when defendant was asked on cross-examination why he elected to remain silent at the time of his arrest, rather than express his innocence. Defendant argues that an accused has no obligation to profess his innocence to police upon arrest and that the prosecutor's questioning on defendant's failure to do so violated defendant's right to remain silent. See *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). We agree.

On cross-examination, the prosecutor first questioned defendant whether he made any statement to the police at the time of his arrest. Defendant indicated that he did not. The prosecutor established that defendant was placed in the police car and taken to the police department where, later that day, defendant was again questioned by police:

> *Q.* [A police officer] read you your Miranda rights, told you you didn't have to make a statement; correct?
> *A.* Right.
> *Q.* And you declined to make a statement?
> *A.* That's right.
> *Q.* Now, at that point you knew you had been arrested for larceny of the wheel covers?
> *A.* (Nodding head affirmatively).
> *Q.* Yes or no?
> *A.* Yes.
> *Q.* And you decided that you were not going to make a statement?

*A.* No. What for, Mr. Prosecutor?

*Q.* Well, it would seem to me, Mr. Westbrook, since you asked me, and I'll ask you this question: That if I were arrested for a larceny that I didn't commit, I would want to say to someone that I didn't have anything to do with this larceny. Didn't that go through your mind?

*A.* I pled not guilty.

*Mr. Gagniuk [defense attorney]:* Your Honor . . .

*A.* I told the police I didn't do it.

\* \* \*

*Q. (By Mr. Weier [prosecuting attorney],* continuing) Would you agree with me, sir, that there is a difference between not making a statement to the police officers and telling the police officers that you didn't do it?

*A.* Yes. What I want . . .

*Q.* Now, your initial statement during your testimony was that you didn't make any statement to the police officer?

*A.* That is correct.

*Q.* Now, you tell me now that you told the police officers that you did make a statement, that you said you didn't do it.

*A.* Not guilty.

*Q.* Well, is that what you're talking about, your plea of not guilty, or did you talk to the police officers and tell them you didn't do it?

*A.* The policemen, it was another policeman interviewed me, and he asked me did I want to make any kind of statement.

*Q.* Right.

*A.* I said, "No, not at this time because I am not guilty." That's what I'm telling you right now, I'm not guilty.

*Q.* So, in fact, you did make a statement that you were not guilty?

*A.* Yes.

*Q.* That's your testimony now?

*A.* Yes.

*Q.* Did it occur to you to tell the officers at that point that the individual that you were with was the person who was responsible for stealing the hubcaps?

*A.* No, it did not occur to me because I have a brother that's a lieutenant, and you don't make any statements to the law enforcement. That's what I learned.

*Q.* So because your brother at some point previous to this advised you never to talk to a police officer . . .

*A.* Well, years ago.

*Q.* Even when you're arrested for a crime you didn't commit?

*A.* That is correct.

Where a defendant chooses to exercise his right to silence, that silence may not be used against him at trial. *People v Bobo, supra; People v Jones,* 168 Mich App 191, 193; 423 NW2d 614 (1988). The rule is designed to prevent a jury from drawing an inculpatory inference from a defendant's silence during police interrogation. *Jones, supra,* p 194. Where, as here, a defendant fails to raise a proper objection at trial to questions concerning his silence, this Court is not precluded from reviewing an alleged infringement of constitutional rights. US Const, Am V; Const 1963, art 1, § 17. See *People v Pelkey,* 129 Mich App 325, 330; 342 NW2d 312 (1983); *People v Ray,* 119 Mich App 724, 727-728; 326 NW2d 622 (1982).

In this case, the prosecutor was persistent in asking defendant why he had asserted his right to remain silent in light of defendant's claimed innocence. This was error. Smith had already pled guilty to committing the present offense. Thus, the issue at trial was whether defendant aided and abetted Smith in the commission of the offense. As the evidence against defendant was circumstantial,

the prosecutor's repeated reference to defendant's silence was apparently an attempt to show guilty knowledge on the part of defendant. Accordingly, we cannot find the error harmless beyond a reasonable doubt. *Jones, supra; People v Swan,* 56 Mich App 22, 33; 223 NW2d 346 (1974). On retrial, we caution the prosecutor against making further reference to defendant's exercise of his right to silence.

We reverse defendant's convictions and remand for a new trial. We find it unnecessary to address defendant's remaining issue concerning his arraignment on the habitual offender supplemental information.

Reversed and remanded.