# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA J. ARSENAULT,

       Plaintiff-Appellant,

v

DESIGNER WEARHOUSE CENTER, INC.,

       Defendant-Appellee.

UNPUBLISHED
October 28, 2014

No. 316381
Wayne Circuit Court
LC No. 11-014017-NO

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition, thereby dismissing plaintiff's case. We reverse and remand for further proceedings consistent with this opinion.

This case arises out of injuries sustained by plaintiff, who at the time of the incident was shopping at defendant's store in Wayne, Michigan. Plaintiff called sales associate, Greg Robertson, to assist her in retrieving some merchandise from a high wall display. Robertson used a long pole to reach for the merchandise. Plaintiff stated that while Robertson was "messing around up there," she was "looking [at] the clothes rack that was on the floor." Suddenly, a mannequin fell from above and hit plaintiff on her head, left shoulder, and arm. Plaintiff conceded that, before the impact, she did not see what fell and hit her or how it fell.

Plaintiff filed the instant negligence action against defendant in the Wayne Circuit Court. She alleged that she was business invitee on defendant's premises at the time of the incident, that defendant owed her a duty, and that defendant breached this duty by failing to (1) reasonably maintain the premises in a safe condition, (2) warn her of a hazardous condition about which defendant knew or should have known, (3) use stable mannequins, (4) inspect the mannequins to ensure that they were properly secured, and (5) protect customers from falling mannequins. Plaintiff alleged that defendant's breach was the cause of her injuries.

-1-

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10),[1] arguing that plaintiff had failed to establish the existence of a genuine issue of material fact regarding causation. Defendant argued that plaintiff's deposition testimony was merely speculative with respect to the cause of the incident. Plaintiff responded by asserting that defendant was liable for creating "an unsafe condition caused by the active negligence of its employees." Plaintiff also argued that defendant should be held liable because the mannequin was in defendant's exclusive control and would not have fallen in the absence of someone's negligence. At the hearing, the trial court presumed that plaintiff's claim sounded in premises liability. The court concluded that there was no evidence that defendant should have known about the potential danger or that defendant failed to reasonably inspect the premises to discover the danger. The court also concluded that it was beyond genuine factual dispute that the aisles of the store were "reasonably safe." Accordingly, the trial court granted defendant's motion for summary disposition and dismissed plaintiff's case.

On appeal, plaintiff argues that the trial court erred by dismissing her negligence claim and concluding that it was not supported by the evidence. She maintains that the presence of an unsecured mannequin on a high wall display posed a foreseeable risk, thus imposing a duty on defendant to protect its customers. She also asserts that her claim did not sound solely in premises liability, but also in "active negligence."

We review de novo the trial court's grant of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Spiek*, 456 Mich at 337. "The pleadings, affidavits, depositions, admissions, and other admissible documentary evidence submitted by the parties must be considered in the light most favorable to the nonmoving party." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy*, 274 Mich App 712. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

As a preliminary matter, we conclude that this is not a premises-liability case. It is true that plaintiff alleged in her complaint that she was a business invitee at defendant's store and argued in her response to defendant's motion for summary disposition that the claim sounded

---

[1] Defendant cited MCR 2.116(C)(7) and (8) as additional grounds for its motion for summary disposition. The trial court did not specify the subrule under which it was ruling on defendant's motion. However, because the trial court considered documentary evidence beyond the pleadings, including excerpts from plaintiff's deposition that were attached to defendant's motion, we review the issue as if the motion were granted pursuant to MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

partially in premises liability. But "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Plaintiff did not allege that she was injured by a dangerous condition on the land. Rather, she alleged and maintained that she was injured when the mannequin fell from above and struck her on the head, shoulder, and arm while Robertson was retrieving merchandise from a nearby high wall display. In fact, plaintiff contended in her response to defendant's motion for summary disposition that she was injured, at least in part, by the "active negligence" of defendant's employee. In other words, plaintiff alleged that her injury was at least partially caused by Robertson's conduct—not a condition on the land. *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001); *Laier v Kitchen*, 266 Mich App 482, 493-494; 702 NW2d 199 (2005). Nor was the unsecured mannequin a condition on the land. See *Muscat v Khalil*, 150 Mich App 114, 126; 388 NW2d 267 (1986). We conclude that plaintiff's claim sounded exclusively in ordinary negligence. *Laier*, 266 Mich App at 494; see also *Hiner v Mojica*, 271 Mich App 604, 615-616; 722 NW2d 914 (2006).

We further conclude that a rational trier of fact could draw a reasonable inference of negligence under the doctrine of res ipsa loquitur, which "entitles a plaintiff to a permissible inference of negligence from circumstantial evidence." *Jones v Porretta*, 428 Mich 132, 150; 405 NW2d 863 (1987). "The main purpose of the doctrine of res ipsa loquitur is to create at least an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act." *Id*. When applicable, the doctrine of res ipsa loquitur functions as an evidentiary shortcut by allowing proof by circumstantial inferences rather than direct evidence. To invoke the doctrine, a plaintiff must demonstrate that (1) the event was of a kind that ordinarily does not occur in the absence of someone's negligence, (2) it was caused by an agency or instrumentality within the exclusive control of the defendant, (3) it was not due to any voluntary action by the plaintiff, and (4) evidence of the true explanation of the event was more readily accessible to the defendant than to the plaintiff. *Woodard v Custer*, 473 Mich 1, 6-7; 702 NW2d 522 (2005).

While there is some authority suggesting that res ipsa loquitur must be pleaded in the complaint,[2] this is not an accurate statement of the law. The doctrine of res ipsa loquitur is not an independent claim of liability. 57B Am Jur 2d, Negligence, § 1176, p 419 (stating that "[a]ccording to most authorities, the doctrine of res ipsa loquitur is merely an evidentiary or procedural rule, and not a rule of substantive law, and thus it does not create or constitute an independent or separate ground of liability"). Instead, the doctrine is simply an alternative method of proving a claim of negligence. See *Jones*, 428 Mich at 150; see also *Locke v Pachtman*, 446 Mich 216, 230; 521 NW2d 786 (1994). Thus, even when the doctrine of res ipsa loquitur is not identified in the complaint, Michigan courts examine the substance of the pleadings to determine whether application of the doctrine is supported by the evidence. See *Haase v DePree*, 3 Mich App 337, 340-347; 142 NW2d 486 (1966). The general rule is that a

---

[2] See, e.g., *Zdrojewski v Murphy*, 254 Mich App 50, 60-61; 657 NW2d 721 (2002); *Niemi v Upper Peninsula Orthopedic Assoc, Ltd*, 173 Mich App 326, 329 n 1; 433 NW2d 363 (1988).

plaintiff may invoke the doctrine of res ipsa loquitur even if he or she has not pleaded it. 65A CJS, § 854, p 714.

We fully recognize that plaintiff did not plead the doctrine of res ipsa loquitur in her complaint. As noted earlier, she alleged that she was a business invitee at defendant's store and chiefly limited the substance of her pleadings to the law of premises liability. However, at oral argument before the trial court, plaintiff's attorney repeatedly invoked the doctrine of res ipsa loquitur by name. Plaintiff's attorney specifically argued that "the mannequin was in the complete control of the defendant," that plaintiff had not contributed to the occurrence of the accident, and that the mannequin "just shouldn't have fallen off the wall" in the absence of someone's negligence. The trial court agreed with plaintiff's counsel that there was "no comparative negligence on the plaintiff's part," but then failed to address the remainder of counsel's res ipsa loquitur arguments, instead analyzing the case exclusively under the law of premises liability.

Without question, evidence of an accident or injury, alone, is insufficient to prevail under the theory of res ipsa loquitur. *Wischmeyer v Schanz*, 449 Mich 469, 484; 536 NW2d 760 (1995). But unlike the situation presented in *Skinner v Square D Co*, 445 Mich 153, 164-166; 516 NW2d 475 (1994), the present case does not require pure speculation, conjecture, or guesswork. This is not a case in which the plaintiff is relying on the bare occurrence of an accident to establish the defendant's negligence. Instead, although plaintiff has not been able to identify the precise mechanism of defendant's negligence, she can certainly establish a reasonable inference that her injuries were caused by defendant's negligent conduct. After all, it is undisputed that the unsecured mannequin fell from above and that this is the type of event that does not ordinarily occur in the absence of someone's negligence. See, e.g., *Gadde v Mich Consolidated Gas Co*, 377 Mich 117, 122; 139 NW2d 722 (1966); *Byrne v Boadle*, 159 Eng Rep 299, 300 (1863). Moreover, the mannequin was located high on the wall of defendant's store, well beyond the reach of defendant's customers, and was surely within defendant's exclusive control. Under the doctrine of res ipsa loquitur, the evidence leads to a reasonable inference that defendant negligently caused the unsecured mannequin to fall and strike plaintiff, resulting in her injuries. See *Jones*, 428 Mich at 150. Plaintiff's ordinary-negligence claim should have been allowed to reach the trier of fact on the basis of this theory of liability. The trial court erred by analyzing plaintiff's claim as if it sounded in premises liability and by granting defendant's motion for summary disposition. We reverse the trial court's grant of summary disposition in favor of defendant and remand to the trial court for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax her costs pursuant to MCR 7.219.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell

-4-